SPENCER, J. not having heard the argument, gave no opinion.

Rule refused.

## Peebles *against* Kittle.

In setting forth in a plea, the proceedings of an inferior court, after giving it jurisdiction it is sufficient to say, that such proceedings were thereupon had that such an act was done by the court, e. g. that the defendant was discharged from his debts [* 363] as an insolvent, without setting forth all the proceedings specially. If a prisoner in execution, on a judgment in a court of Common Pleas, be duly discharged by such court, under the act for relief of debtors, as to the imprisonment of their persons, and he afterwards remove into another county, no action can be brought against him for the same debt, or on the judgment, unless he be convicted of wilful purjury in obtaining his discharge, though he has no property in the county in which the judgment was rendered, but has sufficient in the county into which he has removed.

THIS was an action of *debt.* The plaintiff declared on two judgments, one rendered in this court, and the other in the court of Common Pleas of *Washington* county. The defendant pleaded *nul tiel record* to the first count, on the judgment in this court, and to the second count, that he was in prison on an execution against his body, sued out of the court of Common Pleas in *Washington* county; and that on the 3d day of *September,* 1814, at a court of common pleas held at *Salem,* in and for the county of *Washington* he was, in due manner, and by force of, and according to the form of the act, entitled [*]"An act for the relief of debtors, with respect to the imprisonment of their persons, passed the 24th *March,* 1801, discharged and released from his imprisonment for the said debt, and concluded with a verification. To this plea the plaintiff replied, that after the discharge of the

defendant, and before the exhibition of the bill of the plaintiff; the defendant removed with his family from the county of *Washington* to the county of *Saratoga*, and has continued there to reside, and that the defendant has not possessed, or been seized of personal or real estate in the county of *Washington*, whereof the plaintiff might have been satisfied his debt, &c. To this replication the defendant demurred, and the plaintiff joined in demurrer.

*Foot*, in support of the demurrer, contended, 1. That a person once discharged by the act for the relief of debtors in prison, (*Laws of N. Y. vol.* 1. *p.* 294. *7th section of the act*,) could never afterwards be arrested for the debts due prior to the discharge, nor could any action ever be brought upon any judgment obtained against the insolvent, unless he had been convicted of perjury; but that his property only remained liable to be taken in execution. 2. That according to the decision in *Service v. Heermance*,* the discharge was well pleaded.

* 1 *Johnson*, 91.

*Weston*, contra, insisted, that the plea was bad; and that the defendant ought to have set forth particularly the proceedings, to show that he was entitled to his discharge, and that the same was duly obtained. He observed, that the defendant lived out of the county; and had property in another county; that if no action could be brought on the judgment, the plaintiff could never touch the property; and that he would be defeated of the remedy that was given him by the statute, which never could have been the intention of the framers of the act, as the property of the insolvent was made liable, notwithstanding his discharge.

SPENCER, J. delivered the opinion of the court.

The only questions presented for consideration are, whether the discharge from imprisonment is well pleaded, and whether it forms a bar to the plaintiff's recovery. As to the form of pleading, the decision in *Service v.*

ALBANY,
August, 1807.

Peebles
v.
Kittle.

* 1 Johnson,
92.
† Willes, 201.

*Heermance** establishes the point, that it is sufficient, in setting forth the proceedings of an inferior court, after giving to it jurisdiction, to say *taliter processum fuit*, such an act was done by the court. The authorities cited in that case, and particularly the case of *Landbroke* v. *James*,† fully show that the point is considered at rest in the *British* courts. It appears by this plea, that the court had jurisdiction, as the defendant was in gaol on a *ca. sa.* issuing out of that court.

As to the remaining point, the 7th section of the act relied on, (1 *vol. Rev. Laws*, 294.) declares, " that no prisoner who shall be so discharged, by virtue of this act, on such petition, shall ever after be arrested for the same debt or debts, nor shall any action of debt be brought against him on any such judgment, unless he shall, under this act, be convicted of wilful perjury." Against the positive and plain declarations of the statute, it is impossible for the court to enter into any such considerations as are set up in the replication. This may be a *casus omissus*, but it is not for us to supply the omission. The plaintiff, except there has been perjury, which he alone could have replied, can have no other remedy than by suing out his new execution. The defendant must have judgment. (*a.*)

Judgment for the defendant.

(*a.*) In a plea of discharge under the insolvent act, it is sufficient, after stating enough to give jurisdiction to the judge granting the discharge to say, "that such proceedings were thereupon bad," &c. that the judge granted the discharge, setting forth the same *verbatim*. Roosevelt v. Kellogg, 20 John. 208.