ANTONIO YNGUANZO AND ANOTHER *v.* WILLIAM SALOMON AND OTHERS.

In an action for damages for fraud and conspiracy, the complaint need not set out in detail the various facts and circumstances relied on to establish the complicity of the defendants. It is sufficient to aver the combination, its object and its accomplishment, to the injury of the plaintiff.

Where a party stipulates, as a condition of opening a default, that an affidavit may be read in evidence at the trial, in case of the absence of the affiant: *Held,* that in case of such absence, the affidavit was properly read as evidence on the trial.

It is not error for a judge to charge the jury, in an action for conspiracy, that they may find for the plaintiffs, against the defendants, on the evidence of an alleged accomplice, even though unsupported and uncorroborated, at the same time

properly instructing them as to the weight and value of such evidence, and the caution to be exercised in considering it.

It is not error for a judge to criticise, in his charge, the testimony of a witness, or to give his opinion as to the proper interpretation, construction, and effect of the language of the witness, unless it appears that the expression of the judge's opinion prejudiced the objecting party.

It is for the jury, and not for the court, to determine whether a particular witness shall be believed. And the jury having found a verdict, under proper instructions, on evidence in some respects conflicting, the court on appeal will not disturb it.

APPEAL by the defendants from a judgment at trial term entered on a verdict.

The plaintiff, in July, 1866, had a book-keeper, one Van Unruh, who introduced to his employers one Chamberlain, as a responsible purchaser of a quantity of cigars, for $2,720 cash on delivery.

Classon, plaintiffs' clerk, about the middle of the day, delivered the goods to Chamberlain, and demanded the cash. Chamberlain evaded payment, and claimed that cash on delivery meant a credit of thirty days. Classon returned to his employers, and being instructed to go back and get the goods or the cash from Chamberlain, repaired to the latter's office, and found it closed, and through the glass partition saw that the goods had been removed.

Chamberlain was arrested, and, while in jail, made affidavits that Van Unruh, by complicity with the defendant Salomon, had procured his (Chamberlain's) introduction to the plaintiffs; that about two hours after the delivery of the cigars to Chamberlain, he delivered them to a carman sent by Salomon, and made out an invoice therefor to one Gompel, a friend of Salomon's; that he (Chamberlain) received $800 from Salomon for his services.

Chamberlain having been bailed, afterwards made a further affidavit denying, in some particulars, the statements made in his former affidavits.

This action was brought against Salomon and Unruh, the complaint alleging that the defendants, acting in concert, did by connivance, conspiracy, and combination, cheat and defraud the plaintiffs out of 44,000 cigars, of the value of $2,720, for

which damages were claimed. Defendant Unruh was not served.

There were two inquests taken in the action, and, on motion, the defendants were let in to defend on terms, *inter alia*, that, on due proof at the trial of plaintiffs' inability to produce Chamberlain, his affidavits above referred to might be used in evidence.

The affidavits of Chamberlain were the only evidence of defendants' complicity in the conspiracy, and were only in a few features corroborated at the trial.

The action was tried before BARRETT, J., and a jury.

At the close of the testimony, the defendants' counsel moved the court that the depositions of Chamberlain, dated October 4th, 1868, be rejected or disregarded, on the grounds that it was incompetent and irrelevant, and also for the reason that it was contradicted, and its effect as testimony destroyed, by reason of the deposition of said Chamberlain, dated November 10th, 1868, read in evidence by the defendants' counsel. The motion was denied, and the defendants' excepted.

The counsel for the defendants thereupon moved that the complaint be dismissed on several grounds, referred to in the opinion of the court.

The Judge charged the jury, among other things, as follows :

"It is my duty to charge you that the testimony of the confederates of persons who acknowledge they were engaged in the commission of crimes, and who turn out, as it is said, State's evidence, is always taken with many grains of allowance. It is testimony which is always scrutinized very closely, as the testimony of any man who comes into a court of justice and says : 'I committed a crime in connection with so-and-so and so-and-so,' should be. The very fact that a man acknowledges the commission of crime is a very serious matter in the outset, operating against his credibility, and persons have been convicted upon just such testimony ; and it is also very true that it is sometimes the only testimony that can be procured, as being the nearest that can be obtained.

" So that, on one hand, the law lays down this rule : That

a person's testimony should not be utterly disregarded because he committed a crime, and because he confessed it; but the jury will look at it closely, and scrutinize it carefully. You may even convict a person on the uncorroborated testimony of an accomplice. That rule has been laid down in this State, so that if an accomplice comes into court and testifies to a state of facts which justify a conviction, though he was engaged in the commission of the crime with the accused, on the testimony of that accomplice alone, if the jury believe it, even if unsupported or uncorroborated, the party may be convicted.

" Everything in reference to that is left to the jury. They are to scrutinize the testimony carefully, and to look upon it very guardedly ; they are to look upon it with suspicion ; and yet, if they believe it true, notwithstanding all the care with which they look at it, they may convict, although there is no other testimony in the case to support it. That is the general rule. I am speaking now of a class of crimes, there being a species of analogy between the character of the testimony of Chamberlain and that of an accomplice who testifies to the commission of the crime."

The Judge, after rehearsing the testimony and the subsequent affidavit of Chamberlain contradicting his previous affidavit, further charged the jury :

"That even if the subsequent affidavit contained an absolute, complete denial of everything he had said previously, I should still feel it my duty to leave it to you to say what was the truth of the case. I reject the doctrine that the court should, under any circumstances, withdraw the testimony of witnesses from the consideration of the jury. That is not the law in this State. The court has no right to say that the testimony of the witness shall not be considered at all, and shall be absolutely stricken from the record. That is not within our province. It is our duty to instruct the jury that it is their duty to take the testimony of such a witness as that with very great caution. I don't say that it is not our duty to say that you shan't believe him ; but it is our duty to tell you to scrutinize it very closely, to weigh it with exceeding caution, for it is exceedingly dangerous testimony on which to convict any man of fraud."

The Judge then further charged the jury : " I charge that you are at liberty, if you come to the conclusion that the defendants conspired together to defraud the plaintiffs out of these cigars, not only to compensate the plaintiffs for the value of the cigars and interest, but you may render a verdict, if you see fit, in such additional punishment, by way of damages, as you think the defendants ought to be subjected to."

The defendants' counsel specifically excepted to various portions of the charge.

The jury rendered a verdict for the plaintiff for $3,154.70.

*Brown, Hall & Vanderpoel*, for appellants, contended that the testimony of Chamberlain was improperly admitted, he being an accomplice, and his testimony being in direct conflict with itself (*Brett* v. *Catlin*, 47 Barb. 405, and *Butler* v. *Truslow*, 55 *Id.* 294).

*H. Morrison*, for respondent, cited *Dunn* v. *People*, 29 N. Y. 523 ; *Roth* v. *Wells*, *Id.* 471.

BY THE COURT.—BRADY, J.—The complaint contains the statement of a fact which, if proved, would be sufficient to constitute a cause of action. It may be regarded as a mixed question of law and fact, and assuming it to be such, then the allegation of it was sufficient without further elaboration, to put the defendants to their answer. It was not necessary to set out in detail the various facts and circumstances upon which the plaintiffs relied to establish the complicity of the defendants. It would be substantially alleging the evidence which is not, and never has been, required in pleadings. In cases like this, in which a combination for fraudulent purposes is relied upon, it is sufficient to state the fact of the combination, its object, and its accomplishment to the injury of the plaintiff. The motion, therefore, to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was properly denied. The written depositions of Chamberlain and Brod, the reception of which was objected to, were properly received under the orders of the court,

providing that they might be read as a condition of opening defaults taken against the defendants. The other exceptions to evidence admitted, taken by the defendants, are unavailing. The testimony admitted was properly received as part of the *res gestæ*, or upon cross-examination of the defendants' witnesses, or in answer to the defendants' developments on cross-examination, when the examination in chief was resumed. None of them have any materiality or importance. No evidence on the part of the defendants, offered by them, was rejected. The exceptions on the part of the plaintiffs seem to be more numerous, and the examination of the case shows that the defendants' rights were fully preserved in the application of the rules of evidence. This general statement and ruling is all that these exceptions on the part of the defendants require from the court. The principal exceptions are to the charge, and to the refusal of the judge to charge certain requests to be considered. The defendants excepted to that part of the charge wherein he instructed the jury that they might find for the plaintiffs against the defendants, on the evidence of an alleged accomplice, even though unsupported and uncorroborated. The exception was not well taken. (*Dunn* v. *The People*, 29 N. Y. 523.) The instructions to the jury in relation to the weight of such evidence, and the great caution which should be exercised in considering its value and credibility were ample and exhaustive, but the right of the jury to place their verdict upon it, if necessary, cannot be doubted. The evidence of Chamberlain was not, however, wholly unsupported. There are facts and circumstances disclosed by the testimony given on the trial, which, though insignificant, abstractly considered, yet, when grouped together, have some bearing upon the averred participation in Chamberlain's fraud, by both the Salomons. The defendants also excepted to the criticisms of the judge upon the affidavit of Chamberlain, made, on the 10th of November, 1866, and to the interpretation, construction, and effect of his charge upon that affidavit. These exceptions are valueless. The opinion of the judge is not the subject of review, unless it appears that the expression of it prejudiced the appellant. Such is not the case here. The

criticism upon the affidavit was not only justifiable, but decidedly proper. Chamberlain had undertaken to destroy the force of evidence already given by him; but the retraction was limited, and not broad enough to cover the statements previously made. The question for the jury, under the circumstances, was, which of the two statements was true, if either; and any exposition of the interpretation, or effect of either as against the other, was an aid to the jury in their estimation of them. The whole question of the effect and value of the testimony, and of the consideration to be given to Chamberlain's testimony, were distinctly referred to the jury, however, and with full instructions, as already suggested. It follows, from the views herein expressed, that the request to instruct the jury to reject and exclude from their consideration the testimony of Chamberlain, was properly refused. In disposing of this appeal, it may not be improper to say that, on the testimony of Chamberlain, there can be no doubt that the plaintiffs were the victims of a combination in which the defendants participated, and that without that testimony, the action could not have been maintained, if the plaintiffs exhausted all their evidence. Whether he should be believed or not, was not for the court to determine. It was eminently proper that his testimony, which, in some respects, was in conflict, should be scrutinized with great care and deliberation, and this the jury were told to do, and they believed that his statements originally made were true. On an examination of the case, it does not appear that we should reject the verdict of the jury. Fraud is the most subtle of legal elements, and is frequently developed by comparatively trifling facts and circumstances which, isolated, amount to little, but when united by intellectual power, present the charge made clearly and beyond doubt. It sometimes happens that the conduct of the persons charged, while upon the stand—the manner of giving their testimony, exhibiting as it may the frankness and fairness of honesty, have an important bearing upon the defence of defendants. These elements may have, in some respects, contributed to the plaintiff's success. We cannot say that they did; but they may have done so, and the plaintiff's case is not so weak as to

justify us in assuming that, even without such contributing advantages, they should not have succeeded.    The judgment should be affirmed, therefore, inasmuch as the questions of fact were found in the plaintiff's favor,  and the evidence upon which such finding is based is sufficient to sustain it.

Judgment affirmed.