By the Court.—Freedman, J.
—The complaint, in stating without elaboration only the ultimate facts on which plaintiffs rely for a recovery of the damage sustained by them by reason of the conspiracy, nevertheless states a good cause of action (Ynguanzo v. Salomon, 3 Daly, 153).
If the appellant desired greater clearness or particularity, his remedy was by motion to make it more definite and certain. The motion to dismiss the complaint for insufficiency was properly denied. "
At the close of the evidence on both sides it appeared that prior to the commencement of this action the plaintiffs had brought an action in the court of common pleas against Hartman to recover the price of the tobacco sold to him, and that Hartman had been arrested under and by virtue of an order of arrest granted in that action upon an affidavit charging him *445 with having obtained the goods by means of false and fraudulent representations; that Hartman defended said action, but that after the joinder of issue, pursuant to an agreement entered into between the parties to that effect, the plaintiffs consented to a vacation of the order of arrest, and, in consideration therefor, Hartman permitted them to enter judgment for the amount of their claim with costs. These facts were claimed as a bar to the present action, and were urged as a ground for the direction of a verdict in appellant’s favor.
H this claim had been advanced by Hartman for his own protection pursuant to plea and proof to that effect, it would but accord with the current of judicial expression to hold that whatever cause of action plaintiffs had against him, had been merged in the judgment recovered against him (Cormier v. Hawkins, Ct. of App., not yet reported).
It is only in the case of partners, where one procures credit for his firm by false and fraudulent representations, that a recovery on contract against the members of the firm jointly is considered no bar to an action against the individual partner to recover the damage sustained by his fraud. In such a case the liability of the offending partner was in extent held similar to that of one who guaranteed the solvency of the firm, but at the same time it was conceded that a guaranty by any person of his own separate debt would be an anomaly (Morgan v. Skidmore, 3 Abb. New Cas. 92).
But Goldman was not a party to the action which resulted in the judgment above referred to. As to him the plaintiffs made no election in that action. If he is liable to them at all, he is liable as a joint tort-feasor, and as such he is liable, at the election of the plaintiffs, to a joint or separate action (Rose v. Oliver, 2 Johns. 365; Lansing v. Montgomery, Id. 382; Creed v. Hart *446 man, 29 N. Y. 591, affirming 8 Bosw. 123; Kasson v. People, 44 Barb. 347).
His liability as such extends to all the consequences of the tort (Wehle v. Butler, 61 N. Y. 245, affirming S. C., 35 N. Y. Super. Ct. [3 J. & S.] 1).
In such cases an answer pleading a former recovery against one, to be good, must also aver actual satisfaction (2 Phil. on Ev. [5th Ed.] 114 [*134]; Osterhout v. Roberts, 8 Cow. 43; Wies v. Fanning, 9 How. Pr. 546; Wehle v. Butler, 35 N. Y. Super. Ct. [3 J. & S.] 1).
Nothing short of full satisfaction or that which the law must consider as such, can constitute a bar to an action against another joint tort-feasor who was not a party to the first judgment (Lovejoy v. Murray, 3 Wall. [U. S.] 1, and cases there cited). Thus in Osterhout v. Eoberts (8 Cow. 43), it was held that a plea, that defendant’s son had been sued, a judgment rendered against- him, and he had been taken in execution and imprisoned sixty days for the same trespass, was bad because the plaintiff had not obtained any satisfaction of his judgment.
The judgment against Hartman having remained fruitless, the facts above alluded to and urged upon the court below on the motion for the direction of a verdict, constituted no bar to the action, nor any ground for the direction prayed for.
During the progress of the trial an exception was taken to the admission of certain statements made by one Philipowsky, but as the appellant did not refer to it, either in his points or on the argument, it may be deemed to have been waived.
The exception to that portion of the. charge by which the jury were instructed, that if the plaintiffs were entitled to recover at all, they were entitled to recover for the eight bales, is clearly untenable. The act of one tort-feasor, acting in concert with others, is in judgment of law the act of all, and each is liable for all *447 the injurious consequences flowing from it (Wehle v. Butler, 61 N. Y. 245).
The only question remaining to be considered arises on the appeal from the order denying defendants’ motion for a new trial, and relates to the sufficiency of the evidence upon which the jury pronounced their verdict.
No motion was made for a non-suit, or the direction of a verdict, on the ground of insufficiency of plaintiffs’ proof, but the case was treated by defendants’ counsel throughout, as one which called for submission to the jury. Under such circumstances, this court has repeatedly declined to examine the testimony at large, with the view of ascertaining what grounds may possibly exist for the claim advanced after the rendition of a verdict for the plaintiff for the first time, that, after all, the evidence is so insufficient on plaintiffs’ side, or .so overwhelmingly preponderating in defendants’ favor, as to authorize but one verdict, namely, a verdict ip defendants’ favor. Inasmuch, however, as the case at bar is a highly peculiar one, and the preponderance in the number of witnesses upon the main question, appears to be so largely in appellants’ favor, I deemed it best to relax the rule in this instance, and to make the examination.
From such examination it appeared that plaintiffs’ case depends in the main upon the testimony of Hartman. He confessed the fraud, and showed the origin, object and consummation of the conspiracy. His version, in brief was, that Goldman, who is a dealer in plate glass, was in the habit of concocting schemes, whereby persons would obtain credit, and then fail and divide the profits with him ; that Goldman encouraged and induced him to procure credit from the plaintiffs and other merchants, and to make the false representations he did make, and that it was agreed between them that, after the goods had been obtained, *448 Goldman should sell him out under a judgment entered upon a stale and paid-up indebtedness, and then give him money to settle with his creditors ; that, in pursuance of this conspiracy, he did obtain from plaintiffs the goods in question, and dispose of part of them, and that Goldman shared in their proceeds, and sold out the balance under his fraudulent judgment.
Hartman was contradicted throughout by Goldman, and in esential particulars by at least half a dozen witnesses, in such a manner that, if he, Hartman, told the truth, they willfully perjured themselves, so that the learned judge who presided at the trial felt constrained to so - instruct the jury. Moreover, Hartman was confronted by an affidavit upon which he had moved in the court of common pleas, though unsuccessfully, for the vacation of the order of arrest against him, and in which he had denied the commission of any fraud.
But Hartman’s testimony, as given upon the trial, stands corroborated to a large degree by facts and circumstances, which speak louder than oral testimony. A paper covering of an express package, in which certain proceeds of the fraud had been sent away by one of Goldman’s friends and witnesses, pursuant to Hartman’s direction, with the direction as to the destination of its contents marked thereon, was produced, and the package was shown to have been delivered at its destination pursuant to the direction. The indorser of the stale and paid-up note, upon which in part the fraudulent judgment was procured, testified that Goldman had admitted to him that it had been paid by a check of $200.00 and a note for the difference. This check was produced in evidence, and it bore the indorsement of "P. Goldman.” The plaintiffs thereupon proved by the receiving teller of the bank in which the check had been deposited, the fact of the deposit for Goldman’s account, and the said teller also produced the *449 deposit, slip bearing as the name of the depositor the words: “P. Goldman.” On cross-examination the said teller admitted, however, that though he was familiar with Goldman’s signature at the time, he could not swear whether the indorsement of the check was his signature. Goldman then denied that he indorsed the check or made out the deposit slip, which was shown to be in the same handwriting as the indorsement, whereupon he was required, on cross-examination and in the presence of the jury, to write three distinct signatures. This was done, and the jury had the opportunity of comparing them with the disputed signature.
With all these facts and circumstances, and many other incidents not necessary to be referred to here, before the jury, which were all calculated to aid them .towards arriving at a correct determination, it is impossible to say that their verdict is against evidence or the weight of evidence. They were properly instructed as to their duty in weighing the evidence, and cautioned not to believe Hartman, unless they found,'in the rest of the case, some corroboration which would satisfy them that his testimony was correct; especially as upon the general state of the evidence there was no escape from the conclusion that if Hartman testified truly, at least half a dozen witnesses on the part of the defense committed willful perjury. Notwithstanding these admonitions, which, in view of the law as settled in this State as regards the testimony of accomplices (see Dunn v. The People, 29 N. Y. 523), contained more than the appellant had a right to demand from the court, the jury, upon their oaths, concluded that their duty required them to believe Hartman. Their verdict, therefore, cannot be disturbed. This case, in its leading features, and legal elements and incidents, is remarkably similar to the case of Ynguanzo v. Salomon, 3 Daly, 153, subsequently affirmed by the court of appeals, in which the verdict was sustained by the *450 general term, for the reason, among others, that fraud is the most subtle of legal elements, and is frequently developed by comparatively trifling facts and circumstances, which, isolated, amount to little, but which, when united by intellectual power, present the charge made clearly and beyond doubt, and that in shell a case the conduct of the persons charged, while upon the stand, may have an important bearing upon the determination of the issue by the jury. The most patient examination of the case at bar fails to disclose a reason why this court should apply a different rule, or come to a different conclusion.
The judgment and order appealed from, should be severally affirmed with costs.
Curtis, Ch., J. concurred.