SIMON COHN et al., Respondents, v. PHILIP GOLDMAN, Impleaded, etc., Appellant.

Plaintiffs' complaint alleged that defendants " in concert did, by connivance, conspiracy and combination, cheat and defraud the plaintiffs out of certain goods of " a value specified. *Held*, that the complaint did not state facts sufficient to constitute a cause of action.

*Ynguanzo* v. *Salomon* (3 Daly, 153), disapproved.

Where A. has referred B. to C. for information, in such manner that A. would be bound by C's. declarations, he is not bound by declarations of C., made prior to the reference.

A party is not prevented from urging, in an appellate court, a point distinctly made and presented on the trial, because it was not made in an intermediate appellate court.

(Argued February 5, 1879 ; decided February 18, 1879.)

APPEAL from judgment of the General Term of the Superior Court in the city of New York, affirming a judgment in favor of plaintiffs, entered upon a verdict.

The averments in the complaint in this action were as follows :

" The complaint of the plaintiffs in this action avers that at the city of New York, at divers times between the 22d of October and the 30th of December, 1874, the defendants in this action in concert did, by connivance, conspiracy and combination, cheat and defraud the plaintiffs out of eight bales

of Havana tobacco, in value in the aggregate the sum of $773.51, and at the time of the said cheating and defrauding the plaintiffs out of the said property that the same was the property of the said plaintiffs, and the said property, by means of the said fraud and cheating, has been wholly lost to the plaintiffs."

Upon the trial a motion was made, on the part of defendant Goldman, who alone appeared and answered, for a dismissal of the complaint, on the ground that the complainant did not state facts sufficient to constitute a cause of action. The motion was denied, and the said defendant duly excepted.

Upon the trial a witness for plaintiff was permitted to testify, under objection, to statements made by one Philipowsky in June, 1875, tending to show the fraud complained of. Defendant Hartman, as a witness for plaintiff, had previously testified that Goodman, on the fifth of July, 1875, told him he would send a man with him to introduce him to Philipowsky, and that he did so.

*Samuel Hand*, for appellant. The complaint was insufficient, because it did not aver fully and explicitly the facts constituting the alleged fraud ; mere conclusions would not avail. (*Butler* v. *Viele*, 44 Barb., 166 ; *Wells* v. *Jewett*, 11 How., 242; *Guy* v. *Washburn*, 23 Cal., 111.)

*H. Morrison*, for respondent. The complaint stated facts sufficient to constitute a cause of action. (*Ynguanzo* v. *Salomon*, 3 Daly, 153.)

*Per Curiam.* The trial court and the General Term had, at least seeming authority from this court, for refusing the motion of the defendant, made at the opening of the trial, to dismiss the plaintiffs' complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The case of *Ynguanzo* v. *Salomon*, reported in 3 Daly, 153, presented a complaint cast in the same mould with that in this case. In that there was a motion made at the trial to dis-

miss the complaint, on the same ground as that stated here. It was denied. The General Term held that there was no error, and that the complaint was sufficient. The case was brought to this court, and the judgment was here affirmed, but without written opinion. The printed points of the appellant presented in short phrase the question of the sufficiency of the complaint; but we have no recollection that it was pressed upon us in the oral argument. We think that it must have passed *sub silentio*, both in the argument of the case and the consideration of it by this court. We now feel, after our attention has been attracted to it, that we should disincline to hold as good, a complaint on such a cause of action, so meagre in its averments of the facts.

The Code reserves the right to the defendant to take advantage of the insufficiency of the complaint, after the time to demur or answer has passed; and if the motion to dismiss the complaint, for that reason, is made at the earliest practicable stage of the trial, the defendant does not lose the right.

Nor are we now obliged to dispose of the appeal upon the motion to dismiss the complaint. There is a valid exception, upon which we must reverse the judgment and grant a new trial; and it will be for the court below, when the case is before it again, to entertain a motion to amend the plaintiffs' pleading, and to grant it on easy terms, as doubtless they were misled by the case above referred to. We think that it was error to receive the testimony of the declarations of Philipowsky. It was hearsay; and its admission was not warranted by any of the exceptions which exist to the rule excluding that kind of testimony. The respondents claim that it was admissible, because Goldman had referred to Philipowsky. Goldman did, on the 5th of July, 1875, say to Hartman that he would send a man with him to Philipowsky. It was before that, in the month of June, 1875, that the statement testified to, as made by Philipowsky, was alleged to have been made. So that, even if what was said by Goldman to Hartman was a reference to Philipowsky,

such as would bind Goldman by the declarations of that person, it did not bind him by declarations made before that, and when no reference to him had been made. It is further said that the defendant did not make this point in the court below. The exception appears upon the record. There is nothing on the record to show that it was waived. The opinion is no part of the record ; but the respondents refer to it, and it there appears that the learned judge who wrote the opinion did not understand the appellant as referring to it, either on his points or in oral argument. It had the notice of the court, however. It is, indeed, a rule, that questions not raised at the trial court, which might have been obviated by the action of the court then, or by that of the other party, will not be heard on appeal as ground of error. And it is not uncommon for courts to pass over in silence exceptions not brought to their notice by counsel. But we know of no rule which prevents counsel from urging, in an appellate court, a point distinctly made and preserved at the trial court, because it has not been made to an intermediate appellate court. If the exception presents clear error, and one of materiality, which may have influenced the fate of the trial, an appellant may be indulged in bringing it to notice on his final appeal. That the testimony received was material, is plain. The issue was whether the defendant had aught to do with the transactions of Hartman with the property, after he had got it from the plaintiffs. Some of that property was found with Philipowsky; and what he is reported to have said tended strongly to show that he got it from the defendant. Thus it was an important piece of evidence for the plaintiffs, and detrimental, in like degree, to the defendant. It may have much influenced the mind of the jury. As it was error to receive it, the error should be cured.

We do not think that the other points made on the argument in this court present any error on the trial.

All concur.

Judgment reversed.