### HARTNETT v. ADLER.[1]

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

1. JUDGMENT—EFFECT—RES ADJUDICATA.
In an action on a note given by defendant to W., and transferred to plaintiff, plaintiff offered in evidence the record of a judgment in an action by defendant against W., the complaint in which alleged that the note was given to W., to be discounted for defendant's benefit, and that W. converted the proceeds to his own use. This the answer denied, and alleged that the note was given to W. in payment of a partnership debt. W. also denied that he had discounted the note. The jury found in favor of W. *Held*, that defendant in this action was barred by that judgment from setting up in defense that the note was given to be discounted.

·2. ASSIGNMENT—ACTION BY ASSIGNEE—AMOUNT OF RECOVERY.
In the absence of fraud, an assignee for value of a note may recover from the maker the face of the note, with interest, though he bought the note after maturity, for less than its face value.

Appeal from city court, general term.

Action by Casilaer F. Hartnett against Samuel B. Adler upon a promissory note. Defendant appeals. For statement of facts, see 1 N. Y. Supp. 321.

*Jacob F. Miller*, for appellant. *Evarts, Choate & Beaman*, for respondent.

LARREMORE, C. J. Statements of the facts involved on this appeal precede both of the opinions rendered by the general term of the city court. It is therefore unnecessary to restate such facts. It also seems to us best to take up the discussion of the main question, without preliminaries, where the city court left it.

[1] Affirming 1 N. Y. Supp. 321.

In the first place, then, it may be said that we concur in the conclusion,. expressed in one of the opinions, that the case of *Insurance Co.* v. *Bishop*, 1. Daly, 449, was a controlling authority upon the decision in the city court. The cited case was a suit for rent. The defense was that in a prior summary proceeding between the same parties to recover possession of the premises the jury had found in favor of the defendant. In such proceeding two defenses. had been raised, viz: (1) Whether the rent was due; (2) whether there had been a proper demand. It is to be noticed that a finding favorable to defend-ant on either one of these issues would have been sufficient to entitle him to the verdict he received. Defendant was not required to have both questions determined in his favor, in order to°obtain a dismissal of dispossess proceed-ings. But, as both questions had been raised and submitted, and the result had been a general finding for defendant, it was held that it would be pre-sumed that both questions had been passed upon, and that the verdict was presumably *res adjudicata* as to either of the questions subsequently arising, and therefore a bar to the claim for rent. We approve of the principle laid down in that case, and think it is in accordance with sound sense. In fact,. we do not see how any other presumption could be entertained under such. circumstances; and the opportunity will always exist to overcome mere pre-sumption by positive testimony, when the same can be given. In the prior action in the superior court between the present plaintiff's assignor and the present defendant there were raised two questions. The *first* was whether the note here in suit had been delivered by defendant to said assignor, simply that the latter should procure its discount for defendant's benefit; and the *second* was whether said note had been given to said assignor by defendant in payment of a *bona fide* debt. The general verdict in favor of plaintiff's as-signor in the superior court action was therefore presumptively an adjudica-tion against the present defendant on both questions. Furthermore, counsel. for plaintiff in the case at bar have not relied on a mere presumption. They have offered in evidence the judgment roll in the superior court action, which affords affirmative proof that the precise question here involved was actually submitted to and passed upon by the jury. The following is an extract from Judge TRUAX's charge upon the trial of such prior action. The person des-ignated as plaintiff by Judge TRUAX is the defendant Adler in this action, and the person designated by him as defendant is plaintiff's assignor, the payee of the note in suit: "The defendant denies that the plaintiff gave him. the notes to be discounted; the defendant denies that he discounted the notes; and he alleges that the notes were given by the plaintiff to him in pay-ment of a debt that the plaintiff then owed to him on a matter that related to a partnership that had theretofore existed between the plaintiff and defend-ant. Those allegations and denials make the issue for you to try, and the only issue." We find nothing either in the authorities cited or in the argu-ments advanced on behalf of appellant which leads to a different conclusion from that reached by the city court. The recent tendency has been towards a widening of the scope of the doctrine of *res adjudicata*, so that the prin-ciple seems now reasonably well established, that when a question of fact has been once fairly litigated on its merits, the decision thereon shall be final as between the same parties and their privies, no matter how different may be the technical form of the action or proceeding in which such question subse-quently arises. It is the duty of a court, in determining whether the principle of *res adjudicata* applies, to examine the record in the former suit, not for the purpose of spelling out some artificial theory on which the result may pos-sibly have been reached, without passing upon the question now raised, but for the sake of ascertaining whether, according to the ordinary processes of thought and significance of language, the court or jury must be presumed to have considered such question. We are of opinion that no fair-minded man. could inspect the record in the superior court case without being convinced that

both parties thereto intended to litigate the question of the ownership of plaintiff's assignor, in his own right, of the note here sued upon, and also that the court and jury considered the verdict given an adjudication of such question. We are further of opinion that the verdict was properly directed for the whole face of such note, with interest, and that plaintiff is not to be limited in his recovery to the actual amount paid by him to his assignor on the purchase of the same. Plaintiff acquired the note after maturity, and he sues here not as an indorsee of commercial paper, but simply as assignee of a chose in action. His title as such would be good, even if the assignment to him expressed but a nominal consideration. It appears that he has paid a valuable consideration for the note, though the same is much less than the face thereof. The remarks of DANFORTH, J., in *Nickerson* v. *Ruger*, 76 N. Y. 284, have no application to the case at bar. That was an instance of alleged fraudulent diversion of a note, and Judge DANFORTH's remarks were made upon the express assumption that the fraud might exist, and be shown; and, in that event, he said that "only to the extent that the plaintiff has paid value for the note can he recover, and not for that, even, if he is chargeable with notice of the diversion of the note." Into the case at bar the element of fraudulent diversion cannot enter, because all equitable defenses were raised and disposed of in the superior court action, and it was therein decided that the note was given to plaintiff's assignor in payment of a *bona fide* debt owed him by defendant. Said assignor, being thus the lawful owner and holder of said note, had the option of collecting it himself, or of transferring it, as had been done; and his right to sue upon and enforce the payment thereof passed as an incident of ownership to his assignee. The judgments and order appealed from should be affirmed, with costs.