Herbert Friedman, Respondent, *v.* Sophie L. Nagin, as Administratrix of the Estate of William Nagin, Deceased, Appellant.

First Department, March 22, 1946.

*Joseph W. Gottlieb* for appellant.

*Leo Kotler* of counsel (*Herbert Shiff* with him on the brief; *Saypol & Kotler,* attorneys), for respondent.

Dore, J. Plaintiff instituted this action in 1945 for reformation of an unsealed collateral bond executed in 1928. He seeks to conform it to an agreement claimed to have been made in 1928 for a bond under seal and to enforce it as so reformed. The learned Special Term denied defendant's motion to dismiss under subdivision 6 of rule 107 of the Rules of Civil Practice (Statute of Limitations), holding that the rights of the parties should be determined at trial. Defendant appeals.

Claiming to be the owner of the bond " through several assignments," plaintiff alleges that on November 9, 1928, William Nagin, defendant's intestate, agreed to deliver to the Clemens Holding Corporation, a collateral bond under seal guaranteeing a bond and mortgage in connection with the conveyance of real estate, but that by mutual mistake of Clemens and Nagin or by mistake of Clemens and fraud of Nagin the bond executed and delivered did not embody the agreement, as Nagin did not affix his seal.

The action is in equity for reformation and the ten-year statute applies. (Civ. Prac. Act, § 53.) Under the facts alleged the statute commences to run from the date when the act or the omission occurred. (*Buttles* v. *Smith,* 281 N. Y. 226; *Pitcher* v. *Sutton,* 238 App. Div. 291, affd. 264 N. Y. 638.) The conclusory allegations that by mutual mistake of the parties or by mistake of Clemens and fraud of Nagin the bond did not conform to the agreement do not change the complaint from one in equity for reformation and enforcement of the contract as reformed, to a legal action in fraud within subdivision 5 of section 48 of the

Civil Practice Act. The fraud claimed amounts to a breach of the alleged contract to furnish a bond under seal and is added merely to avoid the statute. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264.)

Plaintiff as assignee stands in the shoes of his assignors and their knowledge is his. The amended complaint alleges that the bond as executed in 1928 had no seal affixed. Plaintiff and his assignors as owners and holders of the bond had ten years within which to institute this action for reformation. They failed to do so. Instead a prior assignee sued Nagin on the unsealed bond in 1929. For failure to prosecute, that action was dismissed in 1937. Nagin died in 1943. In August, 1944, this plaintiff as subsequent assignee instituted another action prior to this on the same unsealed bond against this defendant as Nagin's administratrix. That action also was dismissed in August, 1945, as barred by the Statute of Limitations with leave to plaintiff to serve an amended complaint in reformation. Thereafter, in September, 1945, the present amended complaint was served, long after Nagin's death and sixteen years after the bond had been executed. Neither the amended complaint nor the attorney's affidavit alleges any date when the claimed fraud was discovered.

We think the complaint should have been dismissed on defendant's motion as barred by the ten-year Statute of Limitations.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion granted.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted.