John E. Cone, J.
Motion by defendants to dismiss the first and third canses of action under subdivision 4 of rule 106 of the Rules of Civil Practice for insufficiency; and the fourth cause of action under subdivision 5 of rule 107 as barred by the Statute of Limitations. Plaintiff sues individually and as a stockholder of the corporate defendant. The complaint contains four causes of action, the first cause of action, against all the defendants, alleges a conspiracy between the individual defendants to oust plaintiff as a director and officer of the corporation, that plaintiff was ousted and was damaged thereby; the second cause of action against two of the defendants alleges said defendants, as directors and officers, mismanaged the corporate affairs and converted proceeds of corporate sales to their own use, etc.; the third cause of action against two of the defendants alleges that said defendants signed false reports with respect to the financial condition of the corporation so as to cause the stock of the corporation to *304 be devalued and impaired; the fourth cause of action seeks reformation of a written agreement between plaintiff and the said last two defendants. The complaint prays for a declaration of nullity as to the election of directors of the defendant corporation, for an accounting and the appointment of a temporary and permanent receiver, reformation of the agreement entered into between the parties, and money damages. While, on a motion under rule 106, a complaint must be construed broadly and liberally, it nevertheless must contain facts showing a remedial wrong of some kind has been done to plaintiff and that some fair measure of judicial redress is due plaintiff (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220). Allegations of fraud and conspiracy, in and of themselves, are of no value as stating a cause of action (Cohn v. Goldman, 76 N. Y. 284). There must be a showing that the conspiracy ‘ ‘ was unlawful and how, and what the steps were which are illegal or fraudulent ” (Wood v. Amory, 105 N. Y. 278, 282). The first cause of action is legally insufficient since it fails to comply with these requirements, no ultimate facts of a tortious nature being alleged in support of plaintiff’s conclusory allegations that defendants conspired to exclude him from the board of directors and to oust him as an officer. Plaintiff’s third cause of action is likewise legally insufficient in that it fails to allege that plaintiff relied upon the financial reports as filed and that he acted thereon to his damage. The fourth cause of action is barred by the Statute of Limitations since plaintiff’s right to rescission or reformation, if any, accrued at the time of the execution of the agreement rather than at the time of its breach and it appears from the complaint that the agreement was executed more than 10 years prior to the commencement of the action (Civ. Prac. Act, § 53) (cf. Metcalf v. Metcalf, 92 N. Y. S. 2d 767, affd. 277 App. Div. 1114, affd. 302 N. Y. 822; Friedman v. Nagin, 270 App. Div. 503; Buttles v. Smith, 281 N. Y. 226). The motion is, accordingly, granted and the first, third and fourth causes of action set forth in the complaint dismissed, with leave to plaintiff to replead, if he be so advised, within 20 days from the date of service of the order to be entered herein.