FOURTH DEPARTMENT, NOVEMBER, 1979

(November 2, 1979)

■ JEREMY D. NELSON, Doing Business as CREATIVE CUSTOM PACKAGING Co., Appellant, v UNICURE, INC., Respondent.—Order unanimously affirmed, with costs. Memorandum: After one week of testimony in a jury trial of this

case involving two causes of action asserted by plaintiff and eight counterclaims interposed by defendant, the parties placed upon the record in open court an oral stipulation of settlement which fully disposed of their various claims and agreed to the discontinuance of the action on the merits, but required various acts to be performed by both parties in pursuit of the settlement. Thereafter the jury was discharged and the case was marked settled. Upon the failure of plaintiff to perform under the terms of the stipulation, defendant moved before the Trial Justice for entry of judgment thereon, and plaintiff cross-moved to set aside the stipulation upon various grounds which the court, in granting defendant's motion and denying plaintiff's, properly found to be unsupported and wholly without merit. Although plaintiff reasserts those same arguments on appeal in seeking to set aside the settlement, he now seeks alternative relief, claiming for the first time that the Trial Justice was without authority to entertain either defendant's motion to enforce or his motion to vacate the stipulation of settlement. Having sought to invoke the summary power of the court, he now questions its exercise. While it appears that plaintiff has waived any right to raise the issue on appeal (cf. *Telaro v Telaro,* 25 NY2d 433; *Cohn v Goldman,* 76 NY 284), nonetheless we address the merits. Citing *Yonkers Fur Dressing Co. v Royal Ins. Co.* (247 NY 435), plaintiff asserts that the stipulation of settlement constituted a new contract which may only be enforced by way of a plenary action. The Court of Appeals, however, recently has curtailed substantially the application of the *Yonkers* case with respect to agreements of settlement in pending lawsuits. "It would be inadvisable * * * to apply the *Yonkers* rule in situations where the parties have not unequivocally terminated their lawsuit. Rather, the presumption in the normal case should be that an action is not automatically terminated merely because an agreement to settle has been made. This presumption may be overcome only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement. Such a rule will render the salutary features of motion practice more widely available to litigants, at the same time conserving our increasingly precious judicial resources." *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56.) Here the parties had not executed a stipulation of discontinuance nor had they entered judgment pursuant to the terms of the settlement. Thus, enforcement of the settlement by motion was warranted. (Appeal from order of Niagara Supreme Court—enforce settlement agreement.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.