■ Hossein Zamani, Respondent, v Rite Way Building Industries, Inc., Defendant and Third-Party Plaintiff. Frank G. Relf, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [678 NYS2d 291] —In an action to recover damages for breach of contract, the third-party defendant Frank G. Relf appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated January 12, 1998, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to include a direct cause of action against him.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiff's motion which was for leave to amend the complaint to include a direct cause of action against the appellant is denied.

The Supreme Court erred in allowing the plaintiff to amend

his complaint to include a direct cause of action against the appellant. Even with the benefit of the relation back provision of CPLR 203 (f), the plaintiff's claim against the appellant, which is subject to a three-year limitation period (*see,* CPLR 214), was untimely when the third-party action against the appellant for contribution was commenced (*see,* CPLR 214; *Liverpool v Arverne Houses,* 67 NY2d 878; *Dormitory Auth. v Baker, Jr., of N. Y.,* 218 AD2d 515, 516; *cf., Duffy v Horton Mem. Hosp.,* 66 NY2d 473). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.