■ KATHRYN SPENCE, Respondent, v BEAR STEARNS & CO., INC., Respondent-Appellant, and COLTON HARTNICK YAMIN &

---

4. Adrienne's competence to execute a power of attorney has never been challenged, and therefore must be presumed.

SHERESKY et al., Appellants-Respondents. (And Other Actions.) [694 NYS2d 654] —Order, Supreme Court, New York County (Carol Huff, J.), entered August 3, 1998, which, to the extent appealed from, granted plaintiff's motion for leave to amend her complaint to add defendants and third-party defendants and fourth-party plaintiffs Colton Hartnick Yamin & Sheresky (Colton Hartnick) and Norman Sheresky (Sheresky) as direct defendants, to assert two causes of action against them for legal malpractice, to amend her complaint as to defendant and third-party plaintiff Bear Stearns & Co., and for consolidation, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion to amend the complaint denied and the action captioned *Spence v Colton Hartnick Yamin & Sheresky et al.* severed.

It was an improvident exercise of discretion to grant leave to amend the complaint as to defendant Bear Stearns & Co., in light of the inexcusable delay of 6½ years in seeking to amend, to add the new theory of liability and to increase the ad damnum clause, and the lack of any evidentiary showing of merit (*see, Morgan v Manhattan & Bronx Surface Tr. Operating Auth.*, 238 AD2d 278, *lv dismissed* 90 NY2d 935; *Clayton Webster Corp. v Bozell & Jacobs,* 167 AD2d 145).

Similarly, it was error to allow plaintiff to amend her complaint to add Sheresky and Colton Hartnick as direct defendants. Plaintiff's legal malpractice claims against Sheresky and Colton Hartnick are dependent upon her new cause of action against Bear Stearns. She invokes the relation back doctrine to demonstrate that her claims against these defendants relate back to Bear Stearns' third-party action against them. However, the record reveals that plaintiff's legal malpractice claims were barred by the three-year Statute of Limitations when the third-party action was commenced (CPLR 214 [6]). Plaintiff's malpractice claims do not fall within the relation back doctrine and she may not avoid the time bar by invoking the doctrine (*Liverpool v Arverne Houses,* 67 NY2d 878; *Zamani v Rite Way Bldg. Indus.*, 254 AD2d 283). Concur— Ellerin, P. J., Lerner, Andrias and Friedman, JJ.