■ KATHRYN SPENCE, Appellant-Respondent, v BEAR STEARNS & Co., INC., Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. COLTON HARTNICK YAMIN & SHERESKY et al., Third-Party Defendants-Respondents. [733 NYS2d 341] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 3, 2000, which granted the motion of third-party defendants Colton Hartnick Yamin & Sheresky (Colton Hartnick) and Norman Sheresky for summary judgment and order, same court and Justice, entered May 8, 2000, which denied the motion of defendant Bear Stearns & Co., Inc. (Bear Stearns) for summary judgment dismissing the complaint, unanimously affirmed, with costs.

This Court, in reversing the IAS court's grant of leave to plaintiff to amend her complaint to include breach of contract and negligence claims and to increase the ad damnum clause, has effectively limited plaintiff's original complaint to a claim for unjust enrichment, with potential damages limited to fees paid to Bear Stearns (264 AD2d 601). In the orders here appealed, the motion court correctly interpreted and applied our determination.

There is nothing in the Confidentiality Order or Settlement Agreement precluding this action. Plaintiff may be able to show, without the financial information shielded by those provisions, that Bear Stearns, retained by her in the matrimonial action to assess her husband's finances, did not perform the type of evaluations, or spend the amount of time, or use the skill and care, required of it and, accordingly, that it was unjustly enriched at her expense.

The motion court did not err in holding that "both parties

will have to abide by various limitations placed on what they may divulge." While the matrimonial court did not hold plaintiff in contempt for her use of the shielded financial data, this does not diminish its conclusion that plaintiff violated the Confidentiality Order. The motion court correctly determined that the Confidentiality Order, which the parties expressly agreed would survive the divorce judgment, absolutely and unambiguously provided that the financial information was to be used only for the purpose of the divorce action and should be enforced in accordance with its express terms (see, *Wood v Maggie's Tavern*, 257 AD2d 733).

The Settlement Agreement also precludes reexamination of the ex-husband's business interests and assets in this action. The language of the waiver is clear, with plaintiff forever foregoing her right to investigate, appraise or evaluate the ex-husband's property, businesses or assets. That this may inadvertently benefit Bear Stearns is of no moment.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Rubin, J. P., Buckley, Friedman and Marlow, JJ.