■ PANASIA ESTATE, INC., Appellant, v DANIEL R. BROCHE, Respondent, et al., Defendants. [932 NYS2d 340]—

Although motions for leave to amend may be granted on the eve of trial (*see* CPLR 3025 [c]; *Reyes v City of New York*, 63 AD3d 615, 616 [2009], *lv denied* 13 NY3d 710 [2009]), the motion court properly denied plaintiff's motion because defendants would be unduly prejudiced by the proposed amendment, which seeks to add a new theory of liability (*see Spence v Bear Stearns & Co.*, 264 AD2d 601 [1999]). The record reveals that discovery, which had been tailored to the theories of liability set forth in the second amended complaint, was nearly complete and the filing date of the note of issue was imminent (*see Chichilnisky v Trustees of Columbia Univ. in City of N.Y.*, 49 AD3d 388 [2008]). Plaintiff sought this amendment 18 months after the action was commenced, after it had amended its complaint twice, and after it and defendants had submitted motions for summary judgment that Supreme Court had resolved (*see Heller v Louis Provenzano, Inc.*, 303 AD2d 20 [2003]).

Furthermore, the proposed amendment, wherein plaintiff seeks specific performance of an oral modification of the parties' contract, is lacking in merit (*see e.g. Eighth Ave. Garage Corp. v H.K.L. Realty Corp.*, 60 AD3d 404, 405 [2009], *lv dismissed* 12 NY3d 880 [2009]). Plaintiff's conduct, as alleged in the proposed third amended complaint, does not unequivocally refer to the purported oral modification, and thus does not fall within the

499

partial performance exception to General Obligations Law § 5-703 (4) (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]). Concur— Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.