Davis v Port (2025 NY Slip Op 07091)

Davis v Port

2025 NY Slip Op 07091

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 654027/13|Appeal No. 5437|Case No. 2025-00978|

[*1]Paul Davis etc., Plaintiff-Appellant-Respondent,
v
Larry Port et al., Defendants, Cerberus Capital Management, L.P., et al., Defendants-Respondents-Appellants. CIP4 Mortgage Securities, LTD et al., Nonparty Respondents-Appellants.

Saul Ewing LLP, New York (James P. Chou of counsel), for appellant-respondent.
Kirkland & Ellis LLP, Washington, D.C., (Judson D. Brown of the bar of the State of Tennessee and District of Columbia, admitted pro hac vice, of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about January 17, 2025, which granted in part and denied in part plaintiff's motion for leave to file a third amended complaint (TAC), unanimously modified, on the law, to deny the motion as to the second through fifth causes of action, and otherwise affirmed, without costs.
The motion to amend the complaint for a third time should have been denied because of plaintiff's delay in making it and the ensuing prejudice to defendants. Plaintiff brings the second through fifth causes of action as assignee of Scottish RE Group Limited, thus he stands in its shoes (see Friedman v Nagin, 270 App Div 503, 505 [1st Dept 1946]), and its "knowledge is his" (id.). Scottish Re knew or should have known as early as April 14, 2011 that CIP4 Mortgage Securities, Ltd. (CIP4), an affiliate of defendant Cerberus Capital Management L.P. (Cerberus), was the entity selling the notes at issue in this action. However, plaintiff did not move to add CIP4 and another Cerberus entity, Cerberus Institutional Partners LP (Series Four) (together with CIP4, the CIP4 Entities) as defendants until February 23, 2024 — almost 13 years later, and more than a decade after this action was commenced.
Plaintiff claims the delay was caused by the resistance of Cerberus to his discovery requests. However, even if one were to consider only plaintiff's personal knowledge, he knew or should have known as early as May 1, 2011 that Cerberus' affiliates would profit by selling the notes at issue. Even if he did not know the precise identity of the affiliate, he could have added "XYZ Corp." to his original complaint, just as he did in the TAC. In sum, "Plaintiff's excuse that [he] only learned of the new claims after the parties' depositions was not reasonable" (Perez v New York City Health & Hosps. Corp., 226 AD3d 602, 602-603 [1st Dept 2024], lv dismissed 43 NY3d 985 [2025]; see also Pecora v Pecora, 204 AD3d 611, 612 [1st Dept 2022]; Spence v Bear Stearns & Co., 264 AD2d 601, 602 [1st Dept 1999]; Heller v Louis Provenzano, Inc., 303 AD2d 20, 23 [1st Dept 2003]; Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 73 [1st Dept 1990]; Oil Heat Inst. of Long Is. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]). With respect to plaintiff's attempt to add the CIP4 Entities and to introduce new causes of action, new factual allegations and new theories of recovery, defendants were prejudiced by plaintiff's delay because they have "already expended large sums of money defending the action as pleaded" (Perez, 226 AD3d at 603). Further, assertion of a new theory of liability is sufficient to deny a motion to amend, especially after a significant delay (see Heller, 303 AD2d at 23; see also Spence, 264 AD2d at 602).
Adding a request for punitive damages is also prejudicial because it "would involve different elements and standards of proof and potentially subject defendants to a far greater and different dimension of liability than would otherwise have been the case" (Heller, 303 AD2d at 23).
Plaintiff is not barred from arguing for the first time on appeal that the CIP4 Entities are necessary parties under CPLR 1002(a), because "the court may, at any stage of a case and on its own motion, determine whether there is a nonjoinder of necessary parties" (Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 282 [1974]). Nevertheless, plaintiff's contention is unavailing on the merits. The CIP4 Entities will not be inequitably affected by a judgment; even if plaintiff recovers against Cerberus, it is unlikely to assert claims against its own affiliates for contribution or indemnification. As for the first prong of CPLR 1002(a), complete relief can be accorded among the persons who are currently parties to the action even if plaintiff's recovery might be greater if the CIP4 Entities were added as defendants.
In view of the foregoing, the parties' remaining arguments are academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025