LOFTIS WOOD, Appellant, *v.* PETER B. AMORY, Respondent.

No legal duty rests upon a party to an action, in whose favor a judgment has been rendered therein, to disclose a mistake made in his favor to his opponent; and an agreement between him and an assignee of the judgment to keep silent as to the mistake, is not actionable fraud.

Such an agreement is not made illegal by an averment, in an action for alleged fraud that it was made pursuant to conspiracy and collusion between the parties; the complaint must show an unlawful conspiracy, in which the concealment was but a step, and must specify other steps taken which were unlawful.

Mere general allegations of fraud or conspiracy are of no value as stating a cause of action.

A mere mistake made by a court or referee in rendering a decision may not be remedied upon the principles applicable to mutual mistakes in transactions between parties.

In an action against the assignee of a judgment, the complaint in which alleged fraud and collusion between defendant and his assignor to keep silent as to a mistake made by the referee which increased the amount of the judgment, the averments of the complaint showed that about the time of the argument of an appeal from the judgment, and some months before its decision, plaintiff acquired full knowledge of the mistake, and yet until the commencement of the action, over four years thereafter, took no steps to correct it, but paid the judgment without protest or claim in any way of the existence of the mistake, and no excuse was made for the omission. *Held*, that conceding there was a cause of action, it did not survive such a payment.

(Submitted March 11, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 31, 1878, which affirmed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint herein.

The substance of the complaint is set forth in the opinion.

*Samuel J. Crooks* for appellant.    The general jurisdiction of a court of equity to reform or set aside a contract on the ground of mistake includes executed as well as executory contracts.    The consummation of the transaction in ignorance of the mistake, and without *laches* on the part of the party injured, gives the other party no immunity from making recompense, nor does it deprive the court of the power to remedy the injustice. (*Paine* v. *Upton,* 87 N. Y. 327; *Chapman* v. *City of Brooklyn,* 40 id 381; *N. Y. Ins. Co.* v. *N. W. Ins. Co.,* 23 id. 357–361; *Haywood* v. *City of Buffalo,* 14 id. 534; *Chapman* v. *City of Buffalo,* 40 id. 372.)    Fraud vitiates all contracts and fraudulent proceedings, and equity as a general rule will relieve against all deeds, writings and assurances, also against all judgments and decrees, which have been obtained by fraud and imposition. (*Willard's Eq. Jur.* 145–160.)    The facts constitute a cause of action, and authorize the interposition of this court to relieve against the judgment and its effect and to decree restitution. (*Dederer* v. *Voorhis,* 81 N. Y. 153.)

*George E. Horne* for respondent.    This action having been brought to review a judgment recovered in a court of competent jurisdiction, which had the entire subject-matter in dispute before it, on the ground of an alleged mistake by the court in arriving at the amount of recovery, and an excessive award, which judgment had never been reversed, but, on the contrary, had been affirmed by all the appellate courts, and paid in full by the judgment debtor, cannot be maintained. (*Marriott* v. *Hampton,* 7 T. R. 69; *Walker* v. *Ames,* 2 Cow. 428; *Leonard* v. *Wilkins,* 9 Johns. 232; *Plattner* v. *Best,* 11 id. 530; *White* v. *Merritt,* 7 N. Y. 355; *Farrington* v. *Ballard,* 40 Barb. 517; *Binck* v. *Wood,* 43 Barb. 315; 6 id. 308; 15 id. 646; *Le Guen* v. *Gouverneur,* 1 Johns. Cases, 437.)

PECKHAM, J.    The questions herein arise upon a demurrer to the plaintiff's complaint.    The plaintiff, in his complaint, alleged that prior to October 1, 1860, one Austin Packard,

commenced an action against him which was duly referred, and on that date the referee reported in favor of Packard and judgment was entered in favor of the latter for nearly $30,000. On appeal by the defendant therein, the judgment was modified by the General Term and so affirmed, and the defendant then and about December 8, 1864, appealed to the Court of Appeals, and the judgment was affirmed in the Commission of Appeals in January, 1873. That Amory, this defendant, previous to the entry of the first judgment became the owner of the claim which Packard had been prosecuting against this plaintiff up to that time, and succeeded to the interest of Packard, and prior to the judgment of the Commission of Appeals he had been made the party plaintiff in such action. That such judgment was entered on or about January 3, 1873. That the judgments have all been paid through executions duly issued to enforce the same. That in or about the month of May, 1872, this plaintiff first was advised of the existence of the mistake hereinafter spoken of and of the means of verifying the same, and that such mistake did not appear from any of the records in that action and could only be shown by evidence *aliunde*. That the action was brought to compel an accounting by this plaintiff, with Packard, and on the trial and in making up his report the referee made two mistakes of fact which increased the judgment against this plaintiff, by the amount of more than $10,600 at the date of the report in August, 1860, and these errors of fact became a part of and entered into the judgment above spoken of, and remained forever uncorrected, and the amount thereof was fully paid, to the defendant herein, with interest from date of the report. That these errors of fact were wholly attributable to the inadvertence of the referee. That at the time of the filing of the report, Packard knew of these mistakes of fact made by the referee and concealed his knowledge from the referee and from the plaintiff herein with intent to deceive and defraud the plaintiff. That this error was so concealed by Packard until May, 1872, when Packard having quarreled with his assignee Amory, made an

affidavit in proceedings in that action and therein disclosed the mistakes spoken of. That at the time of the transfer of the claim by Packard to Amory, and at the time when the latter was substituted as a party plaintiff, he well knew these mistakes of fact had been made by the referee and for the purpose of defrauding this plaintiff, he has at all times concealed the same from this plaintiff, and that Packard and Amory colluded and conspired together so to do for the purpose of defrauding the said plaintiff, to the extent of these errors to the end that they might profit thereby

The plaintiff then demanded as relief that the judgment, as affirmed by the Commission of Appeals, should be modified, so that the sum of ten thousand and some odd dollars, with interest from August 16, 1860, etc., might be adjudged to have been included in said judgment by a mistake of fact and such judgment should be declared to be erroneous to that extent. Also, that this plaintiff might recover from the defendant the sum above named, etc., besides costs, and for such other or further relief as might be just

The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer has been sustained at the Special and General Terms, and from the judgment of affirmance the plaintiff has appealed to this court.

The allegations of fraud made against Packard and defendant simply assert a failure on the part of either to inform the plaintiff of the existence of the mistake. There is no allegation that either resorted to any misrepresentations or had recourse to any artifice to prevent the disclosure to the plaintiff, or that either did anything whatever towards concealment beyond the bald and naked failure to give this information to him

If this failure were not in and of itself a fraud, it is not made so by alleging that it was induced by a desire to deceive and defraud the plaintiff. (*Van Weel* v. *Winston*, 115 U S. 228.) It was not a fraud unless there was some legal duty resting upon the defendant to make the disclosure.

It may be that *in foro conscientiæ* the disclosure should have been made, but unless a party has the right to this information not only in that forum but *juris et de jure*, the withholding of it cannot be classed as a legal fraud. (1 Story Eq. § 27 *et seq.*) I can see no such right here. There must be some relation of trust and confidence existing between the parties upon which to build the duty to disclose before the right to a disclosure can be enforced by the courts. As has been said, it is not always easy to define when this relation of trust and confidence exists, but there is no difficulty in denying its existence here. If there ever were a case where no such trust could be supposed, it is that of adverse parties to a contested lawsuit.

No additional strength is given to the allegation of fraud by stating that Packard and defendant colluded and conspired together to conceal the fact for the purpose of defrauding the plaintiff. If there were no duty resting on either to disclose the fact, each had the right to agree to be silent. The agreement to be silent where each has the right so to be, is not made illegal by alleging that it was done pursuant to conspiracy and collusion between the parties, without going further and showing that the concealment was but one step in carrying out a conspiracy which was unlawful, and it must be shown that it was unlawful and how, and what the steps were which were illegal or fraudulent. Mere general allegations of fraud or conspiracy are of no value as stating a cause of action. (*Van Weel* v. *Winston, supra; Cohn* v. *Goldman,* 76 N. Y. 284; *Knapp* v. *City of Brooklyn,* 97 id. 520.)

The idea of a mutual mistake existing between the parties, it seems to us, is equally idle upon the allegations in this complaint. The mistake was wholly that of the referee, unaided and uninfluenced by either party. That there may not be relief given in some form when such a mistake exists, we are far from saying, but not upon the principles applicable to transactions between persons who in the course of the business make a mutual mistake of facts upon which their transaction is based, and it is clear that a mere mistake of a

referee or court in its decision, could not be remedied in such an action as this. Assuming, however, that a case of fraud or mistake or both were made out on this complaint, yet it is shown therein that the plaintiff had full knowledge of all the facts about the time the case was argued in the Commission of Appeals, and months before the decision of the case by that court, and yet from the time when he acquired such knowledge up to the time of the commencement of this action in 1876, so far as appears from the complaint, he took no step, made no protest or claimed in any way the existence of a mistake or fraud, and in the most perfect silence he paid the executions (some time in 1873) issued upon the judgments, and he gives no excuse for such silence, or for the payment of the judgments with this knowledge and without the least effort made to correct the mistake or to expose the fraud and escape from the payment of the money based upon its successful accomplishment.

Under these circumstances we cannot see but that this payment was substantially a voluntary payment after knowledge of all the facts, and no cause of action could survive such a payment.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.