LEET v. LEET et al.

(Supreme Court, Appellate Division, Fourth Department. December 16, 1896.)

JUDGMENT—COLLATERAL ATTACK—WHEN NOT ALLOWED.

Where a party to a proceeding before a surrogate could, either by a motion before that court or by an appeal from its order, have had a complete remedy to review the surrogate's decision, he cannot, through the medium of a collateral action, review such proceeding.

Appeal from special term, Allegany county.

Action by Charles Leet against Fred R. Leet, and others, as administrators of the estate of Thomas R. Leet, to set aside a deed. From a judgment dismissing the complaint on the merits, without costs, plaintiff appeals. Affirmed.

This action was brought to set aside, as fraudulent and void, a deed executed by the defendants William P. Brooks and Jane Leet, as administrators of Thomas R. Leet, deceased, to the defendant Fred R. Leet. It appears by the conceded facts in the case that at one time Thomas R. Leet was the owner of a farm located in the towns of Hume and Caneadea, in the county of Allegany, and that prior to his death, for the purpose of making suitable advancements to his children, he conveyed to the plaintiff and his brother Henry Leet 40 acres, and to his daughter

Sarah Ayers about 20 acres, of such farm, in both of which conveyances his wife joined, thereby releasing her inchoate right of dower in the premises conveyed. Contemporaneously with the execution of these deeds, and as a part of the consideration therefor, Thomas R. Leet and his wife; the plaintiff, Charles Leet; Henry Leet; Sarah Ayers and her husband, Wallace W. Ayers,—duly executed, under their hands and seals, an instrument in writing of which the following is a copy, viz.:

"This agreement, made this sixth day of March, 1871, between Thomas R. Leet and Jane, his wife, of Caneadea, Allegany county, New York, of the first part, and Henry Leet, and Charles Leet and Phebe A., his wife, and Sarah A. Ayers' and Wallace W. Ayers, of the same place, heirs at law of the parties of the first part, witnesseth that the said parties of the second part, in consideration of the conveyance of certain lands by the parties of the first part to Charles and Henry Leet and to Sarah A. Ayers, respectively, and bearing even date herewith, do by these presents release all claim or demands whatsoever as such heirs at law to such part of lot 28 of the Caneadea reservation, consisting of twenty-three acres of land, known and distinguished as follows: Bounded southwesterly by lands of Edwin Leet, westerly by the Genesee Valley canal, easterly by the Genesee river, and northerly or northeasterly by a line parallel to the first-mentioned boundary, at a distance therefrom sufficient to contain twenty-three acres of land,—and to all articles of household furniture now in possession of the parties of the first part, during the natural lives of the said parties of the first part. And, furthermore, the said Charles Leet and Phebe A. Leet and Sarah A. Ayers and Wallace W. Ayers do, as far as it may be lawful for them to do, covenant and agree to and with the said parties of the first part that the same obligations of release which rests upon them in consequence of this contract shall be equally binding upon their and each of their several heirs.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

| "Signed, sealed, and delivered in presence of John S. Minard. | Thomas R. Leet. | [L. S.] |
| | Jane Leet. | [L. S.] |
| | "Henry Leet. | [L. S.] |
| | "Charles Leet. | [L. S.] |
| | "Sarah A. Ayers. | [L. S.] |
| | "Wallace W. Ayers. | [L. S.]" |

After conveying to his two sons and his daughter the 60 acres of land above mentioned, there still remained to Thomas R. Leet, of his original farm, about 42 acres, of which the 23 acres mentioned and described in the foregoing instrument constituted a part. Thereafter, and in the month of January, 1892, Thomas R. Leet departed this life, intestate, and subsequently the defendants William P. Brooks and Jane Leet were duly appointed administrators of his estate. Thereafter, and upon the 28th day of December, 1893, such administrators instituted a proceeding in the surrogate's court of Allegany county to sell or mortgage the real estate of their intestate, or so much thereof as might be necessary, for the payment of his debts and funeral expenses, and such proceedings were thereupon had that a decree was duly made by the surrogate directing such administrators to sell the real estate of which Thomas R. Leet died seised, at private sale, subject to the life estate in 23 acres thereof held by the defendant Jane Leet; and the same was thereafter sold, thus incumbered, to the defendant Fred R. Leet, for the sum of $525. The plaintiff was duly informed of these proceedings, and was served with the usual citation therein, but he failed to appear upon the return of such citation, and took no part whatever in the further proceedings before the surrogate. This action was commenced upon the 18th day of August, 1894, and about the same time Jane Leet, who was the second wife of Thomas R. Leet, and the mother of the defendant Fred R. Leet, departed this life, thereby releasing the premises conveyed from any and all interest which she had therein.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Charles H. Brown, for appellant.

G. W. Harding, for respondents.

ADAMS, J. The plaintiff's complaint was obviously framed upon the theory that the proceedings in the surrogate's court which resulted in the transfer of the title to the premises in question from the heirs at law of Thomas R. Leet to Fred R. Leet were collusive and fraudulent, and it contains allegations appropriate to such a cause of action, charging that the surrogate was induced by the false and fraudulent representations of Fred R. Leet to appoint persons selected by him to appraise such premises, and that they falsely and fraudulently, at his instance, appraised the same at the sum of $500 over and above the life estate therein of his mother, Jane Leet, which sum was much less than their actual value; that the surrogate was imposed upon by such false and fraudulent appraisal, in consequence of which he was induced to adopt the same, and direct a conveyance of the premises, and to ratify and confirm the same after such conveyance had been duly executed. And in his demand for relief he asks that the deed to the defendant Fred R. Leet be vacated and set aside as fraudulent and void, subject, nevertheless, to the lien of an intermediate mortgage. These several allegations were denied by the defendants, who appeared and answered, and subsequently certain issues of fact were duly framed, and ordered to be tried by a jury. These issues were three in number, and they related—First, to the actual value of the premises conveyed to Fred R. Leet, in virtue of the proceedings in the surrogate's court; second, to the value of such premises upon the assumption that 23 acres thereof were burdened with a life estate owned by his mother, Jane Leet; and the third required the jury to say whether the proceedings in the surrogate's court were conducted by the defendants in fraud of the plaintiff's rights, and with intent to deprive him of his interest in the lands described in the complaint. These questions were all of them answered in a manner which tended to sustain the bona fides of the proceedings had before the surrogate, and to exonerate the defendant Fred R. Leet from the charge of fraud; and the conclusion reached by the jury was subsequently adopted by the court at special term. Thus, it will be seen, from this brief recital of the various steps which have been taken in this action, that while the plaintiff's ultimate object was to have the deed to Fred R. Leet declared null and void, he was seeking to attain such relief by claiming that the order or decree entered in the surrogate's court had been procured through means which were fraudulent. Unquestionably, the relief thus sought was attainable by the plaintiff in a court of equity, provided he was able to sustain his allegations by competent proof; for it is well established by abundant authority that where a judgment or decree is obtained either by imposition upon the court which grants it, or by reason of any fraud or deceit practiced by the party who obtains it, the same will be declared null and void in a proper action brought for that purpose. Dobson v. Pearce, 12 N. Y. 156; Michigan v. Phœnix Bank, 33 N. Y. 9; Hackley v. Draper, 60 N. Y. 88; Whittlesey v. Delaney, 73 N. Y. 571; Mather v. Parsons, 32 Hun, 338, and cases cited. In this case, however, the plaintiff ap-

pears to have been unable to sustain his allegations of fraud by evidence which was satisfactory either to the court or jury before whom the issues were tried, and we examine the record in vain for any facts which will justify this court in adopting a different conclusion upon that issue from the one already reached. Indeed, if we correctly apprehend the situation of the case and the arguments of counsel, the contention that the proceedings which resulted in the sale of the premises in question were fraudulent and void, by reason of collusion between the appraisers and the defendant Fred R. Leet, or in consequence of any imposition practiced by the latter upon the surrogate, has been virtually abandoned, and, as a substitute therefor, it is now claimed that the learned surrogate who. entertained such proceedings erroneously held that Jane Leet was possessed of a life estate in 23 acres of the land her husband owned at the time of his death, in virtue of the agreement of March 6, 1871; and the court is asked to adjudge that the administrators' deed to the defendant Fred R. Leet be vacated and set aside, for the reason that the price paid by the latter was inadequate, and that such inadequacy was the result of an improper construction given by the surrogate to that agreement. It appears that, when this action was commenced, it was assumed by all the parties interested therein that the agreement referred to did reserve to Jane Leet a life estate in the 23 acres, and the plaintiff's complaint contains an express averment of that fact, which is admitted in the defendants' answer; but upon the trial at special term the plaintiff was permitted to amend his complaint by alleging that Mrs. Leet owned no such life estate. The truth of this allegation was challenged by the defendants in the answer subsequently served by them, and the learned trial court, while holding, as has already been stated, that the proceedings in the surrogate's court of Allegany county were honestly, fairly, and legally conducted, also held that Jane Leet was, at the time of the death of her husband, the owner of a life estate in the 23 acres; and this latter conclusion, which was duly excepted to, presents the only subject which is sought to be reviewed by this appeal.

The question discussed by counsel in their briefs with unusual care and elaboration is certainly an interesting one, but, in our view, it is one which does not necessarily arise in this case; for, with the question of fraud satisfactorily disposed of, we are unable to see upon what theory the plaintiff can maintain his action, and consequently, however interesting the investigation we are urged to enter upon might prove, it could result in nothing but the decision of a question which, at the most, must be regarded as purely abstract in its relation to this case, and therefore one which we do not feel called upon to decide. People v. City of Troy, 82 N. Y. 575. If, as it is urged, the learned surrogate who entertained the proceedings for the sale of the premises in question erred in the construction which he gave to the instrument under which Mrs. Leet took her life estate,—if she took one at all,—the plaintiff, who was a party to those proceedings, and was apprised by the petition

upon which they were founded that it would be claimed that the 23 acres were burdened with a life estate in favor of his mother, was furnished a complete and adequate remedy, by means of which he might have reviewed and tested the accuracy of the surrogate's decision of that question. This could have been accomplished either by a motion before the surrogate to vacate the sale (Code Civ. Proc. § 2775), or by an appeal from his order or decree (section 2570). He did not see fit, however, to avail himself of either of these remedies, but in lieu thereof he seeks to obtain the desired relief through the medium of a collateral action; and while, as we have seen, such an action may be maintained where fraud is alleged and established, it cannot be resorted to for the purpose of reviewing an erroneous judgment rendered by a court, which results from a mistaken view of the law. White v. Merritt, 7 N. Y. 352; Schaettler v. Gardiner, 47 N. Y. 404; Fisher v. Hepburn, 48 N. Y. 41; Glacius v. Fogel, 88 N. Y. 434; Herring v. Railroad Co., 105 N. Y. 340, 12 N. E. 763; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636. Our conclusion, therefore, is that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur, except GREEN, J., not sitting.