Edward Marshall, Respondent, *v.* Thompson Feature Service, Inc., Appellant, Impleaded with Harry L. Gates, Defendant.

First Department, April 30, 1926.

**Fraud — action to recover damages based on alleged fraud and conspiracy by defendant and third person — complaint is insufficient.**

In an action to recover damages based on the fraud of the appellant, the complaint is insufficient which alleges that the plaintiff and a third person entered into a contract whereby the plaintiff agreed to assist the third person in the preparation of the manuscript for a work of fiction; that the third person agreed that the plaintiff should receive one-half the net proceeds of the sale of said work of fiction; that the appellant had full knowledge of the contract between the plaintiff and said third person; that the appellant and the third person thereafter conspired together and formed a deliberate design and purpose to defraud the plaintiff out of the moneys to be received and fraudulently represented that said third person sold the rights in the work of fiction to the defendant for a nominal sum; that there was a secret agreement between the appellant and the third person whereby the third person was to receive a much larger profit; and that all of the acts done by the appellant and said third person were done and performed for the purpose of defrauding the plaintiff to his damage.

The complaint is insufficient in failing to allege an overt act constituting an actionable wrong and for failing to allege that the representations made as to the sale of the rights in the work of fiction to the appellant were made by the appellant or that they were untrue or that the plaintiff relied thereon to his detriment.

No damage is shown since it appears that the third person is under contractual duty measured by the terms of the alleged agreement, and since there is no evidence that he is not financially able to respond to the plaintiff for any violation by him of the contract.

Appeal by the defendant, Thompson Feature Service, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of November, 1925, denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Neil P. Cullom,* for the appellant.

*Henry Schwed,* for the respondent.

Dowling, J. The complaint herein alleges that on or about the 1st day of October, 1924, the plaintiff and defendant Harry L. Gates entered into an agreement in writing whereby it was agreed that in consideration of the furnishing by the plaintiff to said defendant Gates of various sums of money, office space, services, ideas, suggestions, collaboration and financial assistance in general to the said Gates in the writing of a story or work of fiction which at that time said Gates was about to begin, said

Gates would pay to plaintiff one-half of the net proceeds of the sale of said work of fiction, including all rights in connection therewith, whether sold or leased to newspapers, publishers, theatrical producers or moving picture producers including one-half interest in the net proceeds of all film rights in connection therewith. It is further alleged that the plaintiff accepted said agreement and duly performed all the work and services required from him and duly performed all the conditions of the contract on his part to be performed; and that the said work of fiction was completed by plaintiff and the said defendant Harry L. Gates, and was given the title of " Joanna."

It is then set forth that in the month of April, 1925, plaintiff lost the original of said agreement, and on information and belief he charges that defendant Gates " did unlawfully, maliciously and fraudulently take and convert the said written contract from the office of the plaintiff and now has possession of the original of said contract.

" *Eighth.* That the defendant, Thompson Feature Service, Inc., had full knowledge of said contract between plaintiff and defendant, Harry L. Gates, and of the contents thereof and of all of the facts hereinbefore set forth.

" *Ninth.* That thereafter and at a time unknown to plaintiff the defendants herein confederated and conspired together and formed the deliberate design and purpose to defraud the plaintiff out of the benefits and moneys to be received by plaintiff under the said contract and to prevent him from obtaining the amount justly due him from said contract.

" *Tenth.* That the defendants fraudulently confederated and conspired together and formed the deliberate design and purpose to represent to the plaintiff that the film rights in said story Joanna had been sold by the defendant, Harry L. Gates to the defendant, Thompson Feature Service, Inc., for the sum of One hundred ($100) Dollars and the defendants had at the same time made a secret agreement between themselves whereby the sale of the rights in said story and the proceeds therefrom were to be divided between the defendants on a basis unknown to plaintiff but whereby the defendant, Harry L. Gates, would receive a much larger profit and payment than One hundred ($100) Dollars.

" *Eleventh.* That thereafter and during the month of June, 1925, the defendants sold the film and moving picture rights in said story Joanna to a corporation known as First National Pictures, Inc., for a sum in excess of Twenty thousand ($20,000) Dollars, the exact amount of which is unknown to plaintiff and the defendants have received said amount.

" *Twelfth.* That the defendants have also received various sums of money as the proceeds from the sale or on royalties from other rights in connection with said story Joanna and have failed and refused to pay the same to the plaintiff and do conceal the fact of said proceeds and profits and still continue to do so.

" *Thirteenth.* That all of the different acts and things done by the defendants or either one of them, as hereinbefore alleged, were all steps in said design and conspiracy in which all of said defendants participated and were all done and performed for the common purpose aforesaid, of defrauding the plaintiff."

Damages in the sum of $25,000 are alleged and asked for.

In my opinion, no cause of action whatever is stated in this complaint against the appellant Thompson Feature Service, Inc. While the complaint is plentifully besprinkled with charges of confederation and conspiracy, no overt act constituting an actionable wrong is charged against said appellant. It was under no obligation whatever of a contractual nature to plaintiff, nor was it under any obligation to pay him any sum of money whatever. While there is an allegation that " defendants fraudulently confederated and conspired together and formed the deliberate design and purpose to represent to the plaintiff that the film rights in said story Joanna had been sold by the defendant, Harry L. Gates to the defendant, Thompson Feature Service, Inc., for the sum of One hundred ($100) Dollars," there is no allegation either that such representation was ever made to plaintiff by defendants, or either of them, nor is it alleged that said representation was untrue, nor that plaintiff relied thereon to his detriment. The generalities set forth in the 9th and 13th paragraphs of the complaint do not help out the pleading. The mere claim of the existence of a conspiracy is not enough without showing that it was to accomplish an unlawful purpose.

No duty under this pleading rested upon appellant to make any disclosure to plaintiff of what occurred between the former and Gates, nor is anything set forth which showed that plaintiff was damaged by the failure so to disclose the transactions between defendants to him. Gates was under a contractual duty to plaintiff, measured by the terms of the agreement between them, and for aught that appears he is able financially to respond to plaintiff for any violation by him of the contract.

In *Wood* v. *Amory* (105 N. Y. 278) it was said: " No additional strength is given to the allegation of fraud by stating that Packard and defendant colluded and conspired together to conceal the fact for the purpose of defrauding the plaintiff. If there were no duty resting on either to disclose the fact, each had the right to agree to

be silent. The agreement to be silent where each has the right so to be, is not made illegal by alleging that it was done pursuant to conspiracy and collusion between the parties, without going further and showing that the concealment was but one step in carrying out a conspiracy which was unlawful, and it must be shown that it was unlawful and how, and what the steps were which were illegal or fraudulent. Mere general allegations of fraud or conspiracy are of no value as stating a cause of action. (*Van Weel* v. *Winston,* 115 U. S. 228; *Cohn* v. *Goldman,* 76 N. Y. 284; *Knapp* v. *City of Brooklyn,* 97 id. 520.) ''

As there is nothing pleaded in the complaint herein constituting actionable wrong on the part of appellant, the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days after entry of the order herein on payment of said costs.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.