Foster, J.
This is an appeal from an intermediate order-denying the oral application of the respondents-appellants at Special Term to strike from the amended petition certain allegations that are characterized as conclusions, immaterial, irrelevant and scandalous, and also to strike from the proceeding certain affidavits in support thereof. The proceeding is one under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority which denied the issuance of a liquor license to petitioner for premises situated in the city of Cohoes, N. ¥., alleged- to be operated as a restaurant. The chief reason assigned by the authority for the disapproval of petitioner’s application for a license was that the premises sought to be licensed did not appear to be operated as a bona fide restaurant, as required by law. (Alcoholic Beverage Control Law, § 64.) It is the conténtion of petitioner, who is the respondent here, that the decision of the authority was the result of a political conspiracy between officials of the latter and certain political leaders of the Republican Party in the county of Albany, and dictated solely by political motives. The allegations and affidavits concerning this alleged political conspiracy are those which the respondents-appellants sought to have stricken from the proceeding.
*164 Although the record of a hearing, granted petitioner by the Liquor Authority, is before us we are not authorized to assume jurisdiction of the entire matter under section 1296 of the Civil Practice Act. Petitioner’s application was an original one, and the hearing thereon was not one held pursuant to statutory direction. (Alcoholic Beverage Control Law, § 64; § 54, subd. 2.) Under the statute the Liquor Authority was not required to give the applicant a hearing upon an original application. It might conduct its investigation in any mánner it saw fit, and if it refused to issue a license it was only required to state and file its reasons for such refusal.
Therefore the issue on appeal, although it may ultimately be decisive of the whole proceeding, is merely one of pleading. The matter under attack alleges generally that two subordinate officials of the Liquor Authority, and two leaders of the Republican Party in the county of Albany, conspired to defeat for political reasons petitioner’s application for a license. The allegations are couched in general terms and are sought to be bolstered by circumstances otherwise alleged in the amended petition and by way of affidavits.
One Joseph Kupiec is the owner of the premises involved, which were licensed to sell liquor as a restaurant for several years prior to August 28, 1945. On that date Kupiec applied for a renewal license, and his application was denied on October 2, 1945, on the ground that he was not conducting a bona fide restaurant. Although this formal action was taken by the Liquor Authority, Kupiec insists that he withdrew his renewal application before the decision when his counsel was advised by an official of the Liquor Authority that Kupiec should lease the premises immediately “ to clear the atmosphere of various complications which had arisen and crept into the case ”. It should be stated, parenthetically, that Kupiec intended to lease the premises eventually to petitioner because he wanted to devote his time to other pursuits. It is also asserted that Kupiec’s counsel was informed at the same interview that if the advice to lease to petitioner immediately was taken the latter would have no difficulty in obtaining a license. Whereupon a lease to petitioner was made and the latter filed his application for a license, which was denied, chiefly upon the ground, as heretofore stated, that he was not conducting a bona fide restaurant on the premises.
To return to the direct allegations of conspiracy. It is asserted that the alleged conspirators participated in the adop *165 tion of policies by the Liquor Authority, through subordinate officials, to approve or disapprove of applications for liquor licenses in Albany County in order to strengthen the Republican Party in that county; that Kupiec refused to submit to the political leadership of the two political leaders alleged as conspirators; and that by reason thereof the alleged conspirators entered into a corrupt scheme to prevent Kupiec or his lessee from obtaining a license for the premises; and that as a result the decision of the Liquor Authority denying petitioner’s application for a license was sham, contrary to the facts, illegal and arbitrary. The paragraphs which are thus summarized contain nothing but general allegations, which amount in reality to bare conclusions. It is a familiar rule that general allegations of fraud or conspiracy are of no value in stating a cause of action. (Wood v. Amory, 105 N. Y. 278.; Knowles v. City of New York, 176 N. Y. 430.) But something more than the application of this general rule to a private lawsuit is indicated here. If the decision of any administrative board or body may be thus attacked as being the result of a political conspiracy, without specific allegations of fact to indicate a real triable issue there will be no end of litigation of this character to harass and hinder administrative processes. There is, therefore, a very urgent reason for enforcing strictly the rule of pleading quoted in a proceeding such as this.
While we may not make a final disposition of the entire proceeding on this appeal, the record before us, stipulated by the parties, reveals evidence of a substantial character to sustain the determination of the Liquor Authority. This is not to be overcome by general allegations of a political conspiracy claimed to have been entered into by some who are not even parties to the proceeding. Nor can it be said that the discretion confided to the Liquor Authority must be guided by depositions from numerous citizens.
We assume that the oral motion was properly made at Special Term under section 1294 of the Civil Practice Act. The order should be reversed and the motion granted, with $25 costs and disbursements on appeal.
Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur.
Order reversed, on the law and facts, and motion granted, with $25 costs and disbursements, with leave to petitioner to file amended petition if he is so advised.
Petitioner is permitted to amend his petition to the end that he may litigate issues relevant to the matter under considera-
*166 tion. His present petition does not plead ultimate .facts but seems an attempt to gain publicity. Many of the allegations are improper. The photographs and exhibits are irrelevant as are the “ 200 supporting affidavits ” pleaded in the sixty-fifth paragraph. If it may be established that the authority gave consideration to political influence this might well be relevant as such considerations have no place in connection with granting of liquor licenses.