## (November 21, 1963)

■ MILTON S. JENNINGS et al., Respondents, v. BURLINGTON INDUSTRIES, INC., et al., Appellants.

APPEALS from orders of the Supreme Court at Special Term, entered March 29, 1963 in New York County, which denied motions by defendants for orders to dismiss the second amended complaint as insufficient in law.

Memorandum by the court. Orders, entered on March 29, 1963, denying motions by defendants to dismiss second amended complaint, modified on the law to the extent of granting motions by defendants Lane and Burlington Industries, Inc., to dismiss said complaint as against them, and otherwise affirmed, without costs. We affirm the determination of Special Term sustaining the first and second alleged causes of action which are pleaded against the defendant Rapid-American Corporation and sustaining the third and fourth alleged causes of action which are pleaded as against the defendant McCrory Corporation. The fifth, sixth, seventh and eighth causes of action, directed against the defendants Lane and Burlington Industries, Inc. (Burlington) are insufficient. Therein the plaintiffs have attempted to plead that said defendants did wrongfully induce and cause breaches of certain alleged contracts which obligated the defendants Rapid-American Corporation (Rapid) and McCrory Corporation (McCrory) to pay to plaintiffs, as business brokers, an agreed fee or in *quantum meruit* for plaintiffs' services in connection with the purchase by Rapid and McCrory of certain shares of stock of Lerner Stores Corporation owned by defendants Lane and Burlington. The gravamen of each of the causes purports to be the alleged wrongful inducement of defendants Rapid and McCrory to refuse to pay the compensation allegedly owing by them under plaintiffs' alleged contracts with them. But it is not alleged and does not appear how or by what means the defendants Lane and Burlington induced such refusal. There is no showing that the defendants Lane or Burlington were guilty of fraud or used other unlawful means in effecting such inducement. The alleged causes are not rendered sufficient by the allegations of a conspiracy between said defendants "to enrich themselves at plaintiffs' expense by dividing all or part of plaintiffs' compensation between them" and that "pursuant to such conspiracy, defendants Lane and Burlington caused the price for their * * * Lerner shares to be increased by an amount equal to all or part of the compensation to which plaintiffs were and are entitled". Certainly, these defend-

ants, as owners of the stock, were within their rights in demanding and receiving whatever price they might fix as agreeable to them. In fact, it is not alleged that they asked or received more than their stock was reasonably worth. Under the circumstances, the mere allegations of a conspiracy without a showing of unlawful or wrongful acts on the part of the defendants will not create a cause of action. (See *Cohn* v. *Goldman*, 76 N. Y 284; *Wood* v. *Amory*, 105 N. Y. 278; *Cuker Inds.* v. *Crow Constr. Co.*, 6 A D 2d 415; *Glaser* v. *Kaplan*, 5 A D 2d 829.) The obligations of Rapid and McCrory to keep the covenants of their alleged contracts were primarily their responsibility. For all that factually appears, defendants Lane and Burlington were not concerned with keeping of these obligations of Rapid and McCrory; and there is no proper showing that these defendants violated any duty owing by them to plaintiffs. The causes as alleged are insufficient because of plaintiffs' failure to "recite in nonconclusory language facts establishing all the elements of a wrongful and intentional interference with [their] contractual rights (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Hornstein* v. *Podwitz*, 254 N. Y. 443; *Goodman Bros.* v. *Ashton*, 211 App. Div. 769). As was said in a somewhat analogous situation, ' the complaint is plentifully besprinkled with allegations that defendants did certain things "wrongfully and maliciously," but these amount to nothing more than the pleader's conclusions from unalleged facts.' (*De Jong* v. *Behrman Co.*, 148 App. Div. 37, 40.) " (*Benton* v. *Kennedy-Van Saun Mfg. & Eng. Corp.*, 2 A D 2d 27, 30.)

RABIN, J. (dissenting). I dissent and vote to affirm the order of Special Term in its entirety. In my opinion the fifth, sixth, seventh and eighth causes of action are sufficiently pleaded.

Each of these causes alleges that the defendants Lane and Burlington "maliciously and without reasonable justification, caused and induced " Rapid American Corporation and McCrory Corporation to breach the agreement with the plaintiff the obligations of which they had assumed. The majority holds such allegations to be insufficient because they fail to "recite in nonconclusory language facts establishing all the elements of a wrongful and intentional interference with [plaintiffs'] contractual rights." The majority places reliance on the case of *Benton* v. *Kennedy-Van Saun Mfg. & Eng. Corp.* (2 A D 2d 27) and the cases therein cited. It is apparent, however, that the complaint in that case was not dismissed primarily because the allegations were pleaded in a conclusory manner. The complaint was found to be fatally defective because there was a failure to properly plead the terms of the contract alleged to have been wrongfully cancelled. A further defect was the failure to allege due performance by the plaintiff, or that the contract was not cancelled by mutual agreement.

The very nature of the wrong charged does not permit of the same type of factual allegations that we would expect to find in the pleading of torts of a different character. In the case of *Lamb* v. *Cheney & Son* (227 N. Y. 418) an allegation that the defendant "maliciously and wrongfully induced and procured " the breach of the contract of employment was held to be sufficient. However, more is pleaded in this complaint. The allegations that Lane and Burlington "maliciously and without reasonable justification caused and induced " the breach of contract does not stand unsupported. Subdivisions (b) and (c) of Paragraph 34 of the complaint are as follows:

" (b) Upon information and belief, defendants Lane and Burlington so acted with knowledge of plaintiffs' contract rights to compensation, with the intention of procuring the breach by defendant Rapid of its contractual duties to plaintiffs, and pursuant to a conspiracy between defendants Lane and Burlington to enrich themselves at plaintiffs' expense by dividing all or part of plaintiffs' compensation between them.

" (c) Upon information and belief, pursuant to such conspiracy, defendants Lane and Burlington caused the price for their 197,000 Lerner shares to be increased by an amount equal to all or part of the compensation to which plaintiffs were and are entitled, but which compensation said defendants caused and induced defendant Rapid to deny to plaintiffs."

If we construe these allegations liberally — as we must — we find sufficiently pleaded the inducement of Rapid and McCrory by Lane and Burlington not to pay commissions to the plaintiffs so as to enable an increase in the price to be paid for the stock. We also find the allegation that the price was increased by an amount that represents the exact sum which the plaintiffs allege they were entitled to receive by way of commissions. True, the buyer and the sellers had the right to agree upon any price they chose. However, the sellers had no legal right to make the price agreed upon dependent upon the defendants, Rapid American and McCrory, breaching their contract with the plaintiff, all of which is alleged. I believe that the fifth, sixth, seventh and eighth causes of action are sufficiently pleaded.

STEUER, J. (dissenting in part). I agree with the disposition of the majority insofar as it dismisses the fifth, sixth, seventh and eighth causes of action and sustains the third and fourth causes of action. I disagree with the disposition made in regard to the first and second causes of action and believe these should be dismissed.

These causes of action are pleaded against defendant Rapid-American Corporation (herein Rapid) alone. In brief, the first cause of action alleges that one Riklis was the chairman of the board of directors and a substantial stockholder of Rapid. Riklis entered into an agreement with plaintiffs whereby plaintiffs were to introduce Riklis to two owners of a substantial number of shares of Lerner Stores Corporation, namely, Burlington Industries and Harold Lane, and to interest these latter in selling their shares to Riklis or a corporation nominated by him. The alleged agreement further provided that, in the event a sale was made by the owners of the Lerner stock to Riklis or his nominee company, Riklis would pay plaintiffs 4% of the purchase price agreed upon. It is further alleged that Riklis and the sellers reached an agreement for the sale and purchase of the shares. The complaint goes on to allege that Riklis designated Rapid as the company to buy the shares, that Rapid agreed to do so, and that, in consideration of being so selected, Rapid ratified and adopted as its own the agreement made by Riklis and plaintiffs. Then it is alleged that, following the agreement of purchase and sale of the shares, and by agreement between all parties involved in the sale, the shares were delivered not to Rapid but to McCrory Corporation, who received and paid for them. An allegation of demand and failure to pay the commission concludes the cause of action.

It is indisputable that Rapid's liability is predicated on its alleged ratification and adoption of the agreement made between Riklis and the plaintiffs. That agreement is that Riklis was to name the company "selected by Riklis as buyer" and was "to require the company selected by him to pay". Riklis was not obligated to pay plaintiffs unless and until an agreement was made between Riklis and the sellers for either Riklis or a company designated by him to acquire the stock. By the time such an agreement came into effect, McCrory Corporation was substituted as buyer for Rapid. It is not alleged that Rapid ever received the shares. As pleaded, the company which Riklis agreed to make liable was the company which purchased the shares. That company was McCrory, not Rapid. So even if Rapid ratified this agreement, it never became liable because a condition of its liability was its being the purchaser. The fact that at one stage in the negotiations between Riklis and the sellers it may have

been contemplated that Rapid would become the purchaser does not affect the agreement the complaint sets out.

Moreover, assuming that the purport of the agreement made by Riklis and the plaintiffs and authorized by Rapid was that Rapid was to become liable upon its being designated by Riklis regardless of the fact that it never became the purchaser, the complaint must still fall. At best, the adoption of such an agreement is a guarantee for the corporation that becomes the ultimate purchaser. No claim is made that the two corporations are in any way connected except for the fact that Riklis has some interest in both. Nor is there any suggestion that Rapid profited in any way or was expected to profit from McCrory's acquisition of the stock. Under the circumstances, an agreement to become liable for the commissions would exceed the corporate powers.

The second cause of action pleads the same facts and seeks recovery for the reasonable value of plaintiffs' services. The same considerations indicate the invalidity of the claim.

I would vote to dismiss these causes of action.

Breitel, J. P., Stevens and Eager, JJ., concur in Memorandum by the court; Rabin, J., dissents in opinion; Steuer, J., dissents in part in opinion.

Orders modified, etc.