Charlene TICE, Plaintiff–Appellee,

v.

**SOUTHINGTON BOARD OF EDUCATION, Defendant– Appellant,**

**Robert Wood and Louis D. Saloom, Individually and in their official capacities, Defendants.**

No. 00–7723.

United States Court of Appeals, Second Circuit.

Jan. 24, 2001.

Robert A. Rhodes, Halloran & Sage, Westport, CT, for appellant.

Barbara E. Gardner, Manchester, CT, for appellee.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Southington Board of Education (the "Board") appeals from so much of a judgment entered in the United States District Court for the District of Connecticut following a jury trial before Janet Bond Arterton, *Judge,* as awarded plaintiff Charlene Tice $60,000 on her state-law claim of negligent infliction of emotional distress. On appeal, the Board contends principally that it was entitled to judgment as a matter of law on the grounds (1) that Tice failed to plead Conn.Gen.Stat. § 52–557n in her complaint, and therefore could not rely on that statute to abrogate the Board's common-law immunity; (2) that in the employment context, no cause of action exists for negligent infliction of emotional distress unless the employment is terminated; (3) that the Board was entitled to immunity because its acts were governmental or discretionary; and (4) that the evidence was insufficient to support the jury's finding that the Board should have realized that its conduct involved an unreasonable risk of causing Tice emotional distress. For the reasons that follow, we see no basis for reversal.

(1) The Board's contention that the district court should have dismissed the complaint after trial on the ground that Tice failed to plead § 52–557n by number in her complaint is meritless for several reasons, including the following. First, proceedings in the federal district court are governed by the Federal Rules of Civil Procedure, Rule 8 of which requires that a complaint contain a short and plain statement, with concise and direct averments, showing that the pleader is entitled to relief. See Fed.R.Civ.P. 8(a)(2), 8(e)(1). The principal function of pleadings under the Federal Rules is to give fair notice of the claim asserted, *i.e.,* notice that will identify the nature of the case and enable the adverse party to answer and prepare for trial. *See, e.g., Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995). There is no requirement in the Federal Rules that a plaintiff cite statutory sections in the complaint. Second, even if state-court practice rules applied, the provision in Connecticut Practice Book § 10–3(a), stating that a statute on which a claim is based should be identified in the complaint by its number, is "directory rather than mandatory." *See, e.g., Steele v. Stonington,* 225 Conn. 217, 221 n. 7, 622 A.2d 551 (1993); *Hanover Ins. Co. v. Fireman's Fund Ins. Co.,* 217 Conn. 340, 345, 586 A.2d 567 (1991); *Colon v. City of New Haven,* 60 Conn.App. 178, 188, 758 A.2d 900 (2000) ("As long as the defendant is sufficiently apprised of the nature of the action ... the failure to comply with the directive of Practice Book § 10–3(a) will not bar recovery."). Third, Tice's claim for negligent infliction of emotional distress was a state common-law claim, *see, e.g., Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978) (recognizing cause of action for negligent infliction of emotional distress), not a statutory cause of action based on § 52–557n; that section merely

altered the immunity that would have protected a political subdivision from liability for damages on such a claim under state common law.

■ (2) The Board's contention that an employee has no state-law cause of action for negligent infliction of emotional distress unless her employment is terminated has been waived. The district court, though noting that the merits of that contention are unclear, *see, e.g., Malik v. Carrier Corp.,* 202 F.3d 97, 103 n. 1 (2d Cir .2000), stated that "this argument was raised for the first time six months after the jury verdict was rendered, and was never addressed in defendant's Rule 50(a) motion. It is thus considered forfeited." *Ruling on Defendant's Motion for Judgment as a Matter of Law,* dated May 5, 2000 ("Posttrial Ruling"), at 15. Where, in the district court, a party has failed to raise an argument until posttrial submissions, and the district court has determined that the argument has been waived, we ordinarily will not address the argument on appeal. *See, e.g., Masella v. Blue Cross & Blue Shield of Connecticut, Inc.,* 936 F.2d 98, 107–08 (2d Cir.1991). Given that the validity of the Board's position is not clear under Connecticut law, we cannot conclude that the interests of justice warrant relieving the Board of its waiver.

■ (3) We reject the Board's contention that it was entitled as a matter of law to immunity under common law on the basis that its acts were governmental, or under § 52–557n on the basis that the injury claimed by Tice was caused only by acts that were discretionary. For claims of negligence, the alleged common-law immunity has been superseded by § 52–557n. *See, e.g., Tryon v. Town of North Branford,* 58 Conn.App. 702, 721, 755 A.2d 317 (2000) ("Section 52–557n abrogates the common-law rule of governmental immunity and sets forth the circumstances in which a municipality is liable for damages to person and property. These circumstances include the negligent acts or omissions of the political subdivision or its employees or agents."). With respect to § 52–557n, Connecticut law confers immunity for governmental acts that "are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature," but not for acts that are "ministerial," *i.e.,* "performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 167–68, 544 A.2d 1185 (1988) (internal quotation marks omitted). Although the Board's transfer of Tice to a new school should ordinarily be considered discretionary, there was evidence that the Board also failed for a two-year period to follow its own mandatory procedures for notifying Tice of parental complaints and providing her an opportunity to comment and explain. Given that evidence, the district court properly concluded that it could not rule that the Board's conduct as a whole was discretionary as a matter of law. Thus, the question whether any part of the conduct complained of was discretionary or instead ministerial was a question of fact.

In awarding Tice $60,000 on her claim for negligent infliction of emotional distress likely to cause bodily harm, the jury found that "defendant's conduct was unreasonable"; that "defendant should have realized that its conduct involved an unreasonable risk of causing [Tice] emotional distress and that such distress, if caused, might result in illness or bodily harm"; and "that as a result of such conduct, Ms. Tice suffered the emotional distress or illness or bodily harm that the defendant should have realized that its conduct risked causing." The Board has called to our attention no basis for inferring that

the "conduct" under consideration by the jury consisted only of the transfer of Tice to a new school, rather than its denial of an opportunity to be heard in accordance with its mandatory procedures.

The Board did not seek a jury interrogatory that distinguished between its transfer and its failure to follow its procedures, nor did it request that the jury be instructed on the difference between discretionary and ministerial acts. When, in submitting special verdict questions to the jury, the court omits an issue of fact raised by the pleadings or by the evidence, if the parties' fail to request that it be included before the jury retires to deliberate, they have waived a jury trial on that issue, and the issue is to be decided by the court. *See* Fed.R.Civ.P. 49(a). In this case, the court found that the Board had not introduced any evidence from which it could be determined that the conduct the jury found culpable was purely discretionary. Accordingly, the Board was not entitled to judgment on its defense of immunity.

(4) Finally, we reject the Board's contention that the evidence was insufficient to support the jury's verdict that the Board should have realized that its conduct involved an unreasonable risk of causing Tice emotional distress. Taking the evidence in the light most favorable to Tice, as the party opposing a motion for judgment as a matter of law, and crediting every inference the jury could have drawn in her favor, *see, e.g., Ahern v. County of Nassau,* 118 F.3d 118, 120 (2d Cir.1997); *Taylor v. Brentwood Union Free School District,* 143 F.3d 679, 685 (2d Cir.1998), *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 37 (1999); *Sir Speedy, Inc. v. L & P Graphics, Inc.,* 957 F.2d 1033, 1039 (2d Cir.1992), we conclude that the evidence was sufficient to support the jury's findings.

We have considered all of the Board's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.