**GLOBAL VIEW LTD. VENTURE CAPITAL, Plaintiff,**

v.

**GREAT CENTRAL BASIN EXPLORATION, L.L.C., Merit Capital Group, LLC, Harvey M. Bloch, and Alfred Salazar, Defendants.**

No. 03 Civ. 0026(VM).

United States District Court,
S.D. New York.

Nov. 5, 2003.

Martin I. Gold, New York, NY, for Great Central Basin Exploration, L.L.C.

Alan G. Katz, Saretsky, Katz, Dranoff & Glass, L.L.P., New York, NY, for Merit Capital Group, L.L.C.

David G. Samuels, Perlman & Perlman, New York, NY, for Global View Ltd. Venture Capital.

## DECISION AND ORDER

MARRERO, District Judge.

Defendants Harvey Bloch, Alfred Salazar and Merit Capital Group, LLC, (collectively, "Defendants") seek reconsideration of this Court's Decision and Order denying, in part, Defendants' motion to dismiss. *See Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F.Supp.2d 473, 2003 WL 22218699 (S.D.N.Y. Sep. 24, 2003). Defendants argue that the Court should have dismissed the complaint as having failed a heightened pleading requirement under New York law regarding liability for corporate officers. For the reasons stated, the motion is denied.

### I.  STANDARD FOR A MOTION TO RECONSIDER

■  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F.Supp.2d 713; 715 (S.D.N.Y.2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). The governing local rule in this District limits such motions to reconsideration of "matters or controlling decisions which counsel believes the court has overlooked." *See* S.D.N.Y. Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Alternatively, the Court may grant the motion to "'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.*, 230 F.Supp.2d 427, 428 (S.D.N.Y.2002) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)).

### II.  DISCUSSION

■  Defendants' motion fails to satisfy the rigorous standard governing a grant of reconsideration. The Court finds no new factual matters or controlling law the Court overlooked in ruling on the underlying motion.

■  Under New York law, "[a] cause of action seeking to hold corporate officials personally responsible for the corporation's breach of contract is governed by an enhanced pleading standard." *Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 744 N.Y.S.2d 384, 390 (App. Div. 1st Dep't 2002). Specifically, "[f]ailure to plead in nonconclusory language facts establishing all the elements of a wrongful and intentional interference in the contractual relationship requires dismissal of the action."

484

*Id.* (citation and internal quotation marks omitted); *see also Petkanas v. Kooyman*, 303 A.D.2d 303, 759 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2003) ("[W]e have construed such a standard to require a particularized pleading of allegations that the acts of the defendant corporate officers which resulted in the tortious interference with contract either were beyond the scope of their employment or, if not, were motivated by their personal gain, as distinguished from gain for the corporation.").

Defendants' motion to dismiss argued that the complaint fell short of that enhanced pleading standard. The Court, citing *Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 n. 2 (2d Cir.1971), held that heightened pleading requirements for particular state causes of action do not apply in federal court. Defendants now assert that *Sterling Homex* is limited to the issue in that case, *i.e.*, personal jurisdiction. The Court disagrees. As a leading treatise observes:

> [I]n diversity actions the question whether or not the pleader has stated a claim upon which relief may be granted under state law must be resolved by referring to the substantive law of the state in which the federal court is sitting and a federal pleading may be required to indicate that the prerequisites for relief under that law have been satisfied. *This does not mean, however, that the pleader must state a "cause of action"*

in accordance with the state rules regarding the pleading of a "cause of action"; Rule 8 only requires the pleadings in a federal court action to indicate that if the allegations in the complaint are established, the pleader is entitled to relief under the substantive law of the jurisdiction. Thus, a federal pleading that satisfies the Rule 8(a) standard will not be dismissed simply because it would be vulnerable to a demurrer or a motion to dismiss in a state court.

4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1204 (2d ed.1990) (footnotes omitted) (emphasis added); *see also Tice v. Southington Bd. of Educ.*, 2 Fed. Appx. 152, 153 (2d Cir. 2001) (holding Connecticut pleading rule regarding numbering complaint not applicable in federal court); 61A Am.Jur.2d Pleading § 7 (2003) ("Heightened pleading requirements for particular state causes of action do not apply in federal court.").

■ Defendants argue that the Court's holding would allow plaintiffs to destroy the protections of the corporate form simply by adding perfunctory and conclusory language to allegations against a corporation, thereby implicating the individual defendants. The Court disagrees. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, courts need not credit conclusory allegations, or legal conclusions without factual allegations.[1] *See Papasan v. Allain*, 478 U.S.

---

1. In this regard, the Court notes that the "enhanced pleading standard," *Joan Hansen*, 744 N.Y.S.2d at 390, under New York law is arguably no different from the federal pleading standard. Under both standards, the complaint must state "in nonconclusory language facts establishing all the elements" of the cause of action asserted. *Id.* In fact, some of the cases Defendants cite never describe the pleading standard as "enhanced" or "heightened," suggesting that the so-called "heightened" pleading standard is a shorthand way of stating that there is more in-

volved *substantively* with regard to certain claims against individual corporate officials. *See Bonanni v. Straight Arrow Publishers, Inc.*, 133 A.D.2d 585, 520 N.Y.S.2d 7, 9 (App. Div. 1st Dep't 1987); *Jennings v. Burlington Indus., Inc.*, 19 A.D.2d 877, 244 N.Y.S.2d 219, 221 (App. Div. 1st Dep't 1963). On this reading, there is nothing "enhanced" about requiring a plaintiff to plead facts, rather than conclusions. *See, e.g., Gerdes v. Reynolds*, 281 N.Y. 180, 22 N.E.2d 331, 333 (1939) ("A complaint must state facts. General allega-

265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (holding that, for purposes of motion to dismiss, courts are not "bound to accept as true a legal conclusion couched as a factual allegation"). The Court held that the pleadings in this case were sufficient based upon the *factual* assertions contained in the complaint, not on the mere legal conclusion that Defendants acted in their individual capacities.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants Harvey Bloch, Alfred Salazar and Merit Capital Group, LLC, for reconsideration of this Court's Decision and Order dated September 23, 2003 is denied.

**SO ORDERED.**

tions of wrongdoing based upon undisclosed  facts do not state a cause of action.'').