■ ANN E. YOUNG, Respondent, v BUSINESS FURNITURE, INC., Respondent and Third-Party Plaintiff-Respondent, et al., De-

fendant. P.M. SYSTEMS, Third-Party Defendant-Respondent. ANN E. YOUNG, Respondent, v P.M. SYSTEMS, Respondent. HERMAN MILLER, INC., Third-Party Plaintiff-Appellant, v P.M. SYSTEMS, Third-Party Defendant-Respondent and Second Third-Party Plaintiff-Respondent. CITY OF NEW YORK, Second Third-Party Defendant-Respondent. [599 NYS2d 605] —Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on November 10, 1992, which denied defendant and third-party plaintiff Herman Miller Furniture Corp.'s motion for summary judgment dismissing the counterclaims and cross-claims against it, unanimously modified, on the law, to the extent of granting the motion as to such claims asserted by defendant-respondent Business Furniture, Inc. and defendant-respondent P.M. Systems, and otherwise affirmed, without costs.

This personal injury action arises out of a workplace fall in a hallway where a pile of boxes, furniture and construction debris was temporarily stored during renovations being conducted by the City of New York.

Appellant Herman Miller is the manufacturer of the modular work station furniture, purchased for the renovations, that is alleged to have fallen on plaintiff.

Herman Miller had no employees on the premises and was permitted under its contract with the City of New York to subcontract the installation. Independent contractor defendant P.M. Systems and its subcontractor defendant Business Furniture, Inc. were contractually obligated to deliver and install the furniture.

The motion court initially granted Herman Miller's first motion which sought only to dismiss plaintiff's claims against it, but did not consider the third-party claims to be properly presented on that motion. On a subsequent motion, the court denied Herman Miller's motion on the ground that the record was not sufficient to determine the contractual duties and that no discovery had been conducted.

We reverse and grant the motion to the extent indicated. The parties have had ample time to conduct discovery. Thus the failure of respondents to come forward with sufficient proof to defeat the motion is not excused by a lack of discovery. We are satisfied that the record is sufficient to support the conclusion that there exists no legal theory upon which Herman Miller can be held to answer to its subcontractors for their alleged negligence; there is absolutely no indication that Herman Miller had any control over the manner in which the

subcontractors installed the work stations *(see, Abreu v Getty Ref. & Mktg. Co.,* 121 AD2d 419), nor can the subcontractors claim any benefit pursuant to the indemnification provisions of Herman Miller's contract with the City, a contract to which they were not party and from which the law does not permit them to claim any benefit as third-party beneficiaries. Concur —Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.