■ PARAGON CABLE MANHATTAN, a Division of PARAGON COMMUNICATIONS, Respondent-Appellant, v P & S 95TH STREET ASSOCIATES et al., Appellants-Respondents. [658 NYS2d 600] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 22, 1996, insofar as it denied plaintiff's motion to dismiss affirmative defenses without prejudice to renewal at trial, and granted defendants' cross motion to amend their answer to assert a counterclaim, unanimously modified, on the law, to the extent of dismissing the affirmative defense of unclean hands and denying amendment of the answer and otherwise affirmed, with costs payable to plaintiff. Defendants' appeal from that part of said order which granted plaintiff's motion for partial summary judgment to enforce an Order of Entry of the New York State Commission on Cable Television on the condition that defendants may, at their own expense,

accompany plaintiff's workers at defendants' building, unanimously dismissed as moot, without costs.

The parties' stipulation in June of 1996, pursuant to which "defendants have agreed to permit [plaintiff] to install upgraded cable television facilities in the Building in accordance with the court's decision and order", moots defendants' appeal. Were we to reach those issues on the merits, we would affirm, finding defendants' arguments either unpreserved or unpersuasive.

There is no evidentiary showing that justifies any affirmative defense or counterclaim based on defendants' vague allegations of vandalism by plaintiff's employees. Opposition to summary judgment cannot rest on surmise, conjecture and suspicion (*Shapiro v Health Ins. Plan*, 7 NY2d 56, 63). The motion court specifically noted that defendants produced no photographic or documentary evidence of vandalism, and only contradictory testimonial evidence. The only unqualified evidence of vandalism was improperly presented for the first time in cross reply papers (*see, Tchaika Renewal Co. v City of New York*, 232 AD2d 250). Even if the existence of vandalism damage had been competently shown, there is no evidence connecting the alleged vandalism to plaintiff. Defendants' deposition witnesses candidly acknowledged that they had only "speculation" to support their belief that cable company employees caused the damage (*see, Segev v Trump Parc Condominium*, 215 AD2d 322). Contrary to the motion court's conclusion, defendants did not affirmatively show a "likelihood" that there is relevant evidence in the exclusive knowledge and control of the cable company, or how such might be revealed through further discovery (CPLR 3212 [f]).

Leave to amend the answer to assert the counterclaim was improper in light of defendants' admission that all damages were repaired by a separate, nonparty entity. In addition, plaintiff has already deposed key defense witnesses, who were prevented by defense counsel from answering questions on the very subject matter of the proposed counterclaim, such that plaintiff is prejudiced by the amendment (*compare, Katz v Bach Realty*, 192 AD2d 307, *with Clayton Webster Corp. v Bozell & Jacobs*, 167 AD2d 145, 146). Finally, there is no explanation by defendants of the delay in asserting the counterclaim where the facts underlying it were not only known at the time the original answer was drafted, but were used to support the pleading of the affirmative defense at issue. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Andrias, JJ.