■ ELIZABETH KAPLOW et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and NAB CONSTRUCTION CORPORATION, Respondent. [672 NYS2d 297] —Order, Supreme Court, New York County (Louis York, J.), entered September 23, 1996, which granted the motion for defendant NAB Construction Corporation (NAB) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In this negligence action against, among others, NAB, the contractor hired by defendant Transit Authority to perform construction in an area within the Herald Square subway complex, plaintiff, who was attacked and raped in the complex on the landing of a stairwell exit at the end of a passageway, alleged that NAB facilitated the rape by erecting a misleading "exit" sign that misdirected her into the passageway and towards the staircase where the attack occurred, and that NAB failed to maintain the tunnel or to provide security therein despite being on notice of criminal activity in the area. Plaintiff also alleged that NAB stored construction materials in the passageway in a manner that created a dangerous condition.

The complaint was properly dismissed since plaintiff, in response to NAB's motion for summary judgment, failed to raise a triable issue as to whether any negligence by NAB proximately caused her injuries (*see, Paragon Cable Manhattan v P&S 95th St. Assocs.*, 240 AD2d 255). There was no evidence that the sign plaintiff claims to have followed was erected by defendant or that defendant performed any work in the passageway and stairwell where plaintiff was attacked. Nor was there any proof that the perpetrator of the rape used construction materials to effectuate his assault (*see, Clinger v New York City Tr. Auth.*, 85 NY2d 957, 959). There was also a complete absence of proof that defendant had control over the area in which the attack occurred and, accordingly, there is no common-law basis to find that NAB was under a duty to provide security in that area. Finally, contrary to plaintiff's assertion, nothing in the contract between NAB and the Transit Authority imposed a duty on NAB to provide security in the passageway where the attack took place, much less is there any indication that plaintiff and other users of the passageway were intended to be third-party beneficiaries of the construction contract (*see, Young v Business Furniture*, 195 AD2d 308). Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.