■ STAINLESS CORPORATION, Respondent, v MIDDLESEX (U.S.A.) INC., Appellant. [726 NYS2d 419] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered May 8, 2000, awarding plaintiff damages pursuant to an order that granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Defendant terminated the subject "Management Services Agreement" in a letter to plaintiff stating that plaintiff's services were no longer needed but that defendant would continue paying the management fee in monthly installments for the remainder of the term of the agreement. Plaintiff commenced this action when it became clear that defendant was not going to continue paying the remaining monthly installments. In support of its motion for summary judgment, plaintiff submitted the agreement, which provided for early termination only for certain specified causes, defendant's letter terminating the agreement, and an affidavit from a principal stating that plaintiff did not fail to perform any of its obligations under the agreement and was never given notice of any ground for termination. These submissions were sufficient to show plaintiff's prima facie entitlement to judgment as a matter of law, shifting the burden to defendant to submit evidentiary proof sufficient to raise an issue of fact as to whether it had cause to terminate the agreement (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). This defendant failed to do. The very records that defendant claims it reviewed after plaintiff's removal from its premises, and which supposedly revealed accounting irregularities indicative of an intention to misrepresent defendant's financial condition, and also that plaintiff's principals did not devote their full time to defendant, were for the most part not annexed to defendant's opposition, and the relevance of the records that were annexed is not apparent. Nor does defendant explain why it did not submit an affidavit from any of its employees, especially the one who it claims was running its day-to-day operations in the absence of plaintiff's principals, as supposedly indicated by orders, checks and other documents that, again, defendant did not include in the record. Inasmuch as defendant had full access to its records at the time of plaintiff's motion for summary judgment, yet failed to submit the records that it asserts gave it cause for terminating the agreement after it had already purported to terminate the agreement without cause, it does not appear likely that facts essential to justify opposition may exist but are exclusively in plaintiff's knowledge. Accordingly, the motion court properly denied defendant's request for disclosure pursuant to CPLR 3212 (f) (see, Paragon Cable Manhattan v P & S 95th St.

*Assocs.*, 240 AD2d 255). Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.